122 T.C. No. 4

UNITED STATES TAX COURT

SUNOCO, INC. AND SUBSIDIARIES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19631-97.          Filed February 4, 2004.

     Respondent asks the Court to dismiss for
lack of subject matter jurisdiction petitioner's
overpayment claims under sec. 6512(b), I.R.C.,
for the years in issue to the extent that they
involve  interest computed under sec. 6611(a),
I.R.C., so-called overpayment interest.

     <u>Held</u>:  On the basis of <u>Estate of Baumgardner</u>
<u>v. Commissioner</u>, 85 T.C. 445 (1985), the Court
has jurisdiction.

<u>Robert L. Moore II</u>, <u>Thomas D. Johnston</u>, and

<u>Majorie A. Burnett</u>, for petitioner.

     <u>John A. Guarnieri</u>, <u>Craig Connell</u>, and <u>Keith L. Gorman</u>,

for respondent.

OPINION

WHALEN, Judge:  This case is before the Court to decide respondent's motion to dismiss for lack of subject matter jurisdiction filed with regard to certain claims petitioner made in an amendment to its petition. The issue raised by respondent's motion is whether this Court lacks jurisdiction under section 6512(b) to consider petitioner's claims for overpayment to the extent that they involve so-called overpayment interest, as described below. All section references are to the Internal Revenue Code for the years at issue.  We believe that the issues in this case are controlled by our Opinion in Estate of Baumgardner v. Commissioner, 85 T.C. 445 (1985).  On that basis, we hold that we have jurisdiction to determine an overpayment composed of overpayment interest.  Therefore, we will deny respondent's motion.

Background

Petitioner filed the instant petition for redetermination of deficiencies respondent determined for 1979, 1981, and 1983.  Petitioner later filed an amendment to its petition that makes reference to the fact that petitioner and respondent had settled various issues with regard to the years in issue.  The amendment to petition claims additional overpayments for each of those years due

to errors allegedly made by respondent "in calculating the interest on underpayments and overpayments arising out of the settled issues".  The amended petition alleges that in calculating interest respondent used "numerous incorrect starting and ending dates for the running of interest" and "numerous incorrect dates in applying payments and credits and making transfers to other accounts" and that "respondent failed to credit or refund the correct amount of interest on petitioner's overpayments."  In addition, the amended petition alleges that "respondent did not use netting principles when calculating the interest balances" and "in addition to the overpayments referenced above, petitioner seeks overpayments attributable to the calculation of interest utilizing netting principles." In general, according to the amended petition, for each of the years in issue, the interest respondent charged on "underpayments" under section 6601 was too high, and the interest respondent allowed with respect to "overpayments" under section 6611 was too low.

The amended petition asserts that the overpayment for each of the years in issue is as follows:

| Year | | Respondent's Totals | Petitioner's Computation | Overpayment |
|------|---|------|------|------|
| 1979 | Underpayment interest | $1,948,026 | [1]$1,353,083 | -$594,943 |
| | Overpayment interest | -4,304,396 | [1]-6,346,670 | -2,042,274 |
| | Total | -2,356,370 | -4,993,587 | -2,637,217 |
| 1981 | Underpayment interest | 231,936 | -0- | -231,936 |
| | Overpayment interest | -11,626,105 | [2]-48,785,132 | -37,159,027 |
| | Total | -11,394,169 | -48,785,132 | -37,390,963 |
| 1983 | Underpayment interest | 24,970 | -0- | -24,970 |
| | Overpayment interest | -3,317,982 | [3]-5,759,613 | -2,441,631 |
| | Total | -3,293,012 | -5,759,613 | -2,466,601 |

[1] As of Dec. 14, 1993.
[2] As of Mar. 3, 1997.
[3] As of June 14, 1993.

Attached to respondent's motion to dismiss is the affidavit of an employee of the Internal Revenue Service, a former technical analyst, who is knowledgeable about the preparation of interest computations on Federal tax liabilities and who has had extensive experience with the computerized records of the Internal Revenue Service, referred to as transcripts of account, which reflect account activity, such as assessments, payments, credits, and the like, for particular taxpayers. The Government's affidavit includes, as an exhibit, a document that was prepared on behalf of petitioner entitled "Listing of Differences--Sun's Interest Computations v. IRS' Interest

Computations." This exhibit is referred to herein as petitioner's list of differences. It is petitioner's list of each of the errors that respondent allegedly made in computing interest.

There is also attached to the Government's affidavit petitioner's computation of the amount of interest that would have accrued with respect to petitioner's account for each of the years in issue if the differences described in petitioner's list were taken into account. Finally, there are attached to the Government's affidavit three schedules that were prepared on behalf of respondent to verify the accuracy of petitioner's computations. We note that, while we have been provided with petitioner's interest computations and respondent's verification of petitioner's computations, we have not been supplied with respondent's computations of interest.

On the basis of the information in the record, we have prepared three appendixes in which we have reproduced petitioner's computation of interest for each of the tax years in issue, 1979, 1981, and 1983. These appendixes are attached hereto as appendixes 1, 2, and 3, respectively.

Each appendix is in the nature of a transcript of petitioner's account with the Internal Revenue Service for one of the years in issue; i.e., 1979, 1981, or 1983. It

shows all of the transactions that affect the balance of petitioner's account for the year.  These transactions are shown in the appendix in the column designated "Other Events" (col. G).  Some "events" increase petitioner's liability, such as income tax assessments, refunds, and the application of interim overpayments from the current year to the tax liability for other years.  These are shown as positive numbers.  Other "events" reduce petitioner's liability, such as tax payments, the carryback of a net operating loss from a later year, or the carryback of a foreign tax credit from a later year.  These are shown as negative numbers.

Each appendix shows the balance of petitioner's account as of various dates.  The account balance on a particular date may be a positive number, indicating an interim underpayment, or a negative number, indicating an interim overpayment.

The account balance on a particular date comprises the prior transactions that were booked to the account, such as tax payments by petitioner, refunds to petitioner, and the like.  The account balance also includes the interest computed on prior balances as noted in the columns designated overpayment interest (col. H) and underpayment interest (col. I).

Interest is computed on the balance of petitioner's account as follows. If the account balance is positive at the time interest is computed, i.e., indicating an interim underpayment, then the interest on that balance is so-called underpayment interest and is computed under section 6601(a) (see col. I). If the account balance is negative at the time interest is computed, i.e., indicating an interim overpayment, then the interest on that balance is so-called overpayment interest and is computed under section 6611(a) (see col. H). The number of days and the interest factors used in the interest computation are shown in each appendix. The amounts of underpayment interest and overpayment interest computed in these appendixes correlate with the amounts computed by petitioner and verified by respondent, except that there is a difference of less than $1 in 1981.

The parties agree that for each of the years in issue, the balance of petitioner's account with the Internal Revenue Service comprises the transactions recorded in the column entitled "Other Events" in the appropriate appendix. They also agree that the correct dollar amount of each of those transactions is the dollar amount shown in the appendix. Neither party has raised an issue about the method of computing interest, as reflected in petitioner's

computation and respondent's verification, or the percentage interest factors used therein.

The parties disagree about the dates on which many of the transactions should be recorded in petitioner's account. The substantive issues raised by petitioner's amendment to petition and list of differences all involve the date on which each of certain of the agreed transactions is recorded in petitioner's account for purposes of computing interest. In general, petitioner contends that the items noted in its list of differences are transactions that were recorded in petitioner's account on dates that caused either too much underpayment interest under section 6601 to be charged or too little overpayment interest under section 6611 to be allowed on the account.

For example, with respect to 1979, petitioner contends that the amount of underpayment interest respondent charged in 1979, $1,948,026, is $594,943 too high when compared to petitioner's computation of the amount of underpayment interest, $1,353,083, shown in appendix 1. Similarly, petitioner contends that the amount of overpayment interest respondent allowed for 1979, $4,304,396, is $2,042,274 too low when compared to petitioner's computation of the amount of overpayment interest, $6,346,670, shown in appendix 1. The following schedule compares the overpayment interest

and underpayment interest computed by both parties for each
of the years in issue:

|  | | Overpayment | Underpayment | Total |
|---|---|---|---|---|
| 1979 | Appendix 1 | -$6,346,670 | $1,353,083 | |
| | Respondent | -4,304,396 | 1,948,026 | |
| | Difference | -2,042,274 | -594,943 | -$2,637,217 |
| 1981 | Appendix 2 | -48,785,132 | -0- | |
| | Respondent | -11,626,105 | 231,936 | |
| | Difference | -37,159,027 | -231,936 | -37,390,963 |
| 1983 | Appendix 3 | -5,759,613 | -0- | |
| | Respondent | -3,317,982 | 24,970 | |
| | Difference | -2,441,631 | -24,970 | -2,466,601 |

In considering the issues raised by respondent's
motion, it is important to note that the interest computed
at any particular time is based upon the outstanding
balance in petitioner's account.  An interest factor is
applied to that balance for the number of days that elapsed
before the date of the next event that changed the account
balance, or before the date of a change in the rate of
interest.  If the effective date of a transaction were
changed, then that would not only cause the account balance
to change; it would also cause the amount of interest, and
possibly the kind of interest (i.e., underpayment or
overpayment interest), computed on that balance to change.
Furthermore, the aggregate amounts of underpayment and

overpayment interest computed for the year would also change.

For example, if petitioner's computation for 1979 were changed to reflect respondent's position with respect to one of the issues raised by petitioner for that year, the effective date of the carryback of a foreign tax credit of $3,876,645 from 1981, then the resulting recomputation of the account is shown in appendix 4.  As shown in appendix 4, making that one change causes the aggregate amount of underpayment interest to be increased to $2,021,767 (see appendix 4) from $1,353,083 (see appendix 1), and it causes the aggregate amount of overpayment interest to be reduced to $5,272,357 (see appendix 4) from $6,346,670 (see appendix 1).  This illustrates the fact that the computations are interrelated, and underpayment interest and overpayment interest cannot be computed separately.

## Discussion

This Court exercises only such jurisdiction as is conferred on it by statute.  See sec. 7442.  By statute, we are authorized to redetermine the amount of a deficiency for a particular taxable period as to which the Commissioner issued a notice of deficiency and the taxpayer petitioned the Court for review.  See secs. 6212, 6213, and 6214; Monge v. Commissioner, 93 T.C. 22, 27 (1989).  As to

any such taxable period for which a petition was filed in this Court, if we find there is no deficiency, then we are authorized to determine the amount of an overpayment. See sec. 6512. Our jurisdiction to determine an overpayment is set forth in section 6512(b)(1) and (3), which provides in pertinent part:

> SEC. 6512(b). Overpayment Determined by Tax Court.--
>
> (1) Jurisdiction to determine.--Except as provided by paragraph (3) * * * if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, * * * in respect of which the Secretary determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment * * *.
>
> * * * * * * *
>
> (3) Limit on amount of credit or refund.--No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid * * *.

During the pendency of a case in this Court, our jurisdiction is exclusive, and, with a few exceptions, another proceeding may not be commenced or, if already commenced, is stayed. See secs. 6213(a), 6512(a), 7422(e); Hallmark Cards, Inc. v. Commissioner, 111 T.C. 266, 271

(1998). The filing of a timely petition in this Court in response to a notice of deficiency gives the Court exclusive jurisdiction and precludes the taxpayer from later bringing a refund suit for the same type of tax for the same taxable period. Sec. 6512(a); see Estate of Ming v. Commissioner, 62 T.C. 519, 521 (1974); Dorl v. Commissioner, 57 T.C. 720 (1972), affd. 507 F.2d 406 (2d Cir. 1974).

Respondent issued a notice of deficiency to petitioner for the years in issue, and petitioner invoked our deficiency jurisdiction by filing a timely petition. In the pleadings, petitioner asserts that there is no deficiency in any of the years in issue, and it claims an overpayment for each of those years. As mentioned above, petitioner's overpayment claims include overpayments consisting in part of interest respondent computed on the interim underpayment balances reflected in petitioner's account, so-called underpayment interest. Petitioner contends that the amounts of underpayment interest respondent computed are too high. Petitioner's overpayment claims also include overpayments consisting in part of interest computed on the interim overpayment balances reflected in petitioner's account, so-called overpayment

interest.  Petitioner contends that the amounts of overpayment interest respondent computed are too low.

Respondent concedes that this Court has jurisdiction under section 6512(b) to determine an overpayment based upon petitioner's claim that it overpaid underpayment interest.  Respondent acknowledges that excess underpayment interest which has been assessed and paid by petitioner "becomes part of the overpayment, i.e., a payment in excess of that which is properly due."  This concession is based upon Estate of Baumgardner v. Commissioner, 85 T.C. 445 (1985).  Respondent asserts that "the Court, however, does not have jurisdiction to adjudicate petitioner's claimed overpayments to the extent they encompass claims for the payment of overpayment interest on amounts previously credited or refunded by respondent."

Respondent draws a sharp distinction between underpayment interest and overpayment interest on the ground that the former has actually been paid by the taxpayer and can be part of an overpayment, whereas the latter has not been paid.  According to respondent, a claim for overpayment interest imposed by section 6611 is merely a claim for an additional amount of interest for which the Government is allegedly liable.  It is not a claim for an amount that has been overpaid and is legally due.

Respondent argues that a claim for additional overpayment interest under section 6611 falls under the general claims jurisdiction of the Federal District Courts and the Court of Federal Claims. Respondent asserts that a suit for the payment of overpayment interest with respect to overpayments that have previously been refunded or credited can be prosecuted in a U.S. District Court or the Court of Federal Claims, even while the Tax Court case involving the determination of further deficiencies or overpayments for the same tax period is pending. Respondent argues that section 6512(a), which provides the Tax Court with exclusive jurisdiction over the issues properly before it, does not preclude such a suit. According to respondent, a suit for recovery of overpayment interest with respect to overpayments that were not determined by the Tax Court is not a suit for an amount that can be refunded, and, thus, it is not, by definition, within the Court's jurisdiction.

Furthermore, respondent argues that section 6512(b)(4), which provides that the Court has no jurisdiction "to restrain or review any credit or reduction made by the Secretary under section 6402", deprives the Court of jurisdiction to consider claims for overpayment interest with respect to overpayments that were credited

to a taxpayer's liabilities before the taxpayer filed a petition in this Court.  Respondent argues:

> To the extent petitioner claims that it was not credited with sufficient overpayment interest on the transferred credits because the liability to which the credit was transferred was not correctly computed, section 6512(b)(4) precludes the courts from considering petitioner's claim.

Finally, respondent argues that the overpayments petitioner seeks on the basis of overpayment interest do not fall within the Court's "supplemental jurisdiction" under section 6512(b)(2) or the Court's "auxiliary jurisdiction" in section 7481(c).  Respondent argues that section 6512(b)(2) will not apply to petitioner's claims for overpayment interest because the underlying overpayment was not determined by the Court.  Similarly, respondent argues that section 7481(c) will not apply because the overpayment interest petitioner seeks will not have been "involved" in an overpayment determined by the Court.

Our first difficulty with respondent's argument is the fact that it is mathematically impossible to compute the amount of underpayment interest, as to which respondent concedes that we have jurisdiction, separately and apart from the amount of overpayment interest, as to which respondent argues that we lack jurisdiction.  As described above, underpayment interest is the interest computed under

section 6601 on an interim underpayment in petitioner's account. Overpayment interest is the interest computed under section 6611 on an interim overpayment in petitioner's account. Thus, the underpayment interest charged to, and the overpayment interest allowed on, petitioner's account are both computed on the basis of the balance of petitioner's account as of a particular date.

Petitioner's account balance, on any given date, is composed not only of the positive and negative transactions booked to petitioner's account for the year, such as assessments (positive) and payments (negative), but also of the underpayment and overpayment interest that was previously computed and combined with the account balance. See section 6622(a), which provides that, for purposes of the Internal Revenue Code, interest is "compounded daily."

If the account balance on a particular date were to change, by reason of a change in the amount or the date of a transaction booked to the account, for example, then the amount, and possibly the kind, of interest computed as of that date would also change. Any such change would ripple through the account causing later interim balances, and the interest computed thereon, to change, and further causing a change in the aggregate amount of each type of interest; viz underpayment or overpayment. Compare app. 1 with app.

4. In effect, the aggregate amount of each type of interest cannot be computed without considering all of the transactions that were booked to the account and without also considering all of the interest, whether overpayment or underpayment, that was previously computed and combined with earlier account balances.

As can be seen from the above, in order to compute the aggregate amount of underpayment interest, it is necessary for the Tax Court to review the same transactions, and interest thereon, as involved in the computation of overpayment interest. Thus, it would be impossible for the Court to exercise overpayment jurisdiction with respect to underpayment interest, unless the Court also had jurisdiction over overpayment interest. For the same reason, it would be impossible for a U.S. District Court or the Court of Federal Claims to exercise general claims jurisdiction over overpayment interest without considering all of the transactions booked to petitioner's account, including transactions that are at issue in the Tax Court case and the amount of underpayment interest charged to the account.

As noted above, respondent concedes, on the basis of Estate of Baumgardner v. Commissioner, 85 T.C. 445 (1985), that our jurisdiction to determine an overpayment under

section 6512(b) includes an overpayment composed of interest on underpayments computed under section 6601. Respondent also concedes that the underpayment interest at issue in this case is indistinguishable from the interest that was at issue in Estate of Baumgardner. Respondent's motion papers do not address the fact that it is impossible to exercise jurisdiction over petitioner's overpayment claims composed of underpayment interest, in accordance with our Opinion in Estate of Baumgardner, unless we also have jurisdiction to determine an overpayment composed of overpayment interest.

The issue in this case is whether petitioner's overpayment claims based upon the amount of overpayment interest allowed by respondent involve an "overpayment" within the meaning of section 6512(b). There is no definition of the term "overpayment" in the Code, but in Jones v. Liberty Glass Co., 332 U.S. 524, 531 (1947), the Supreme Court defined the term for purposes of the statutory predecessor of section 6512(b) as "any payment in excess of that which is properly due." The Supreme Court said:

> we read the word "overpayment" in its usual
> sense, as meaning any payment in excess of that
> which is properly due. Such an excess payment
> may be traced to an error in mathematics or in
> judgment or in interpretation of facts or law.

> And the error may be committed by the taxpayer or by the revenue agents.  Whatever the reason, the payment of more than is rightfully due is what characterizes an overpayment.

Id.  See also United States v. Dalm, 494 U.S. 596, 610 n.6 (1990), in which the Supreme Court stated that "The commonsense interpretation is that a tax is overpaid when a taxpayer pays more than is owed, for whatever reason or no reason at all."

We considered the definition of the term "overpayment" in Estate of Baumgardner v. Commissioner, supra.  In that case, the parties settled the issues raised in a notice of deficiency after the personal representative had petitioned the Tax Court to redetermine the deficiency.  They agreed that there was no deficiency and that the estate tax was less than the amount that had been paid.

The issue in that case was whether the term "overpayment" in section 6512(b) could include amounts that were paid as interest, pursuant to an installment payment plan under section 6166A.  The Commissioner argued that the Court was without jurisdiction to decide issues concerning interest, and that the personal representative had to bring a separate action in a U.S. District Court or in the predecessor of the Court of Federal Claims to obtain a refund of the overpaid interest.  Unlike the present case

in which respondent argues that a suit in a U.S. District Court or the Court of Federal Claims can proceed during the Tax Court case, in Estate of Baumgardner the Commissioner acknowledged that such an action could be barred by expiration of the period of limitations on filing a claim for refund.  See Estate of Baumgardner v. Commissioner, supra at 448, 452-453.

We held that the term "overpayment", as used in section 6512(b), includes interest and, accordingly, we held that "we have jurisdiction to consider interest as part of an 'overpayment'".  Id. at 458-459.  In coming to that conclusion, we noted that section 301.6611-1(c), Proced. & Admin. Regs., expressly states that "the amount of any interest paid with respect to the deficiency * * * is also an overpayment."  Id. at 452.

The principal justification for our holding in Estate of Baumgardner, however, was based on the symmetry of our overpayment jurisdiction under section 6512(b) and the jurisdiction of the U.S. District Courts and the Court of Federal Claims.  We pointed out that jurisdiction over overpayments generally rests with the U.S. District Courts and the Court of Federal Claims, but in the limited circumstances that the Tax Court is given overpayment jurisdiction, i.e., in situations where a notice of

deficiency has been issued and the taxpayer has petitioned for review, section 6512(a) provides that the Tax Court should be able to determine an overpayment to the exclusion of the other tax forums.  Id. at 451-452.  We noted that this intent would be frustrated by reading section 6512(b) to provide that the overpayments which are the subject of the Tax Court's jurisdiction are substantially different from the overpayments which are subject to the jurisdiction of the other tax forums.  Id. at 451.  Stated differently, we noted that the "overpayment" determined by the Tax Court should be synonymous with that determined by a U.S. District Court or the Court of Federal Claims.  We further noted that:

> With respect to interest which is part of an overpayment, * * * we must be able to determine all components of that overpayment or a taxpayer unwittingly may not be able to recover interest in those situations where the Commissioner initially determined a deficiency and the taxpayer petitioned to the Tax Court. * * *

Id. at 453.

In Estate of Baumgardner v. Commissioner, 85 T.C. 445 (1985), we overruled two Opinions of the Court which had held that the words "an overpayment of tax", in the predecessor of section 6512(b), excluded interest.  Id. at 456.  In discussing those Opinions, we said the following:

There was no compulsion to so restrictively read this language. This Court could have read the phrase "overpayment of tax" as part of the threshold necessary to be able to further enable the Tax Court "to determine the amount of such overpayment." There was no compelling reason to interpret the word "tax" to exclude additions to the tax or interest. There was, instead, reason to consider interest as part of an overpayment.

* * * But these opinions have failed to recognize that Congress has legislatively provided for the exceptional situation where, after a deficiency has been determined and the taxpayer has petitioned the Tax Court, an overpayment results. Although there is no legislative history to assist us, it is hard to imagine that Congress could have intended to bifurcate an "overpayment" by limiting the taxpayer's refund to "tax" only. It is equally hard to imagine that an "overpay-ment" has a different meaning depending upon the forum. Either of those approaches would force some taxpayers to resolve a single tax controversy in two different forums. Strangely, those forced to unreasonably duplicate their costs and efforts would be the lucky ones because, as in this case, others would be barred from recovery of the interest portion of the overpayment due to their failure and/or inability to make a timely claim.

Id. at 456-457.

In passing, we note that Estate of Baumgardner was a reviewed Opinion of the Court that has been consistently followed for more than 18 years since it was issued. See Winn-Dixie Stores, Inc. v. Commissioner, 110 T.C. 291 (1998) (underpayment interest under section 6601 is part of an overpayment); Bachner v. Commissioner, 109 T.C. 125, 128 (1997) (the term "overpayment" is not defined in terms

of the items treated as overpayments by section 6401(a)), affd. without published opinion 172 F.3d 859 (3d Cir. 1998); Barton v. Commissioner, 97 T.C. 548, 555 (1991) (increased interest (at 120 percent of the normal rate) governed by section 6621(c) is part of an overpayment); Estate of Bell v. Commissioner, 92 T.C. 714, 728 (1989), (an estate which elected to defer estate tax under section 6166 is entitled to a determination of the overpayment of interest, as well as a determination of the overpayment of tax), affd. 928 F.2d 901 (9th Cir. 1991); Judge v. Commissioner, 88 T.C. 1175, 1187 (1987) (the additions to tax under section 6651(a)(1) and (2) are part of an overpayment); Gabelman v. Commissioner, T.C. Memo. 1993-592 (section 6512(b) confers jurisdiction on this Court to review the amount of an overpayment of tax, including amounts withheld from the taxpayer's wages), affd. 86 F.3d 609 (6th Cir. 1996); Johnson v. Commissioner, T.C. Memo. 1993-562 (a deposit is not a payment, and thus this Court lacks jurisdiction under section 6512(b) to order a refund of any part of such an amount); see also Bankamerica Corp. v. Commissioner, 109 T.C. 1 (1997); Centel Communications Co. v. Commissioner, 92 T.C. 612, 628 (1989), affd. 920 F.2d 1335 (7th Cir. 1990); 508 Clinton Street Corp. v. Commissioner, 89 T.C. 352, 354 (1987); Pace v. Commis-

sioner, T.C. Memo. 2000-300; Estate of Wilson v. Commissioner, T.C. Memo. 1999-221.

We believe that respondent's view of what constitutes an overpayment for purposes of section 6512(b) is too narrow and does not square with our opinion in Estate of Baumgardner v. Commissioner, supra. Contrary to respondent's position, we believe that, under certain circumstances, additional overpayment interest that is allowable under section 6611(a) with respect to an interim overpayment is similar to the underpayment interest involved in Estate of Baumgardner and can constitute an overpayment for purposes of section 6512(b).

Most of the overpayments underlying petitioner's claims for additional overpayment interest are interim overpayments that respondent credited against a tax liability of petitioner for a different year and/or a different tax, pursuant to section 6402(a). Subsection (a) provides as follows:

> SEC. 6402. AUTHORITY TO MAKE CREDITS OR REFUNDS.
>
> (a) General Rule.--In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d), and (e), refund any balance to such person. [Emphasis added.]

The Commissioner cannot be compelled to credit an overpayment against a liability of the taxpayer. See, e.g., N. States Power Co. v. United States, 73 F.3d 764, 768 (8th Cir. 1996). If the Commissioner chooses to do so, however, then section 6402(a) provides that the Commissioner may credit the amount of the overpayment "including any interest allowed thereon" against a liability of the taxpayer, and with certain exceptions, shall "refund any balance" to the taxpayer. If the Commissioner fails to include all or a part of the interest that is allowable on the overpayment, then the aggregate amount of the overpayment, plus the allowable interest, will exceed the amount of the tax liability satisfied by the credit. In effect, the taxpayer will have overpaid the liability by the amount of allowable interest that is not credited.

For example, assume that, pursuant to section 6402(a), the Commissioner credits an overpayment of $1,000 against a liability of the same taxpayer for a different taxable year in the amount of $1,000 but fails to include interest of $20 computed under section 6611 that is allowable on the overpayment. Under these facts, the taxpayer would have used $1,020 to satisfy a liability of $1,000. In effect, the taxpayer would have overpaid the liability against which the overpayment is credited by $20. That amount would be "legally due", to use respondent's words,

pursuant to section 6402(a). Under that provision, the overpayment, including any interest allowed thereon, may be credited, but it directs the Commissioner to "refund any balance" to the taxpayer. Sec. 6402(a). To the extent that overpayment interest under section 6611 is not credited, we believe that it can be considered to have been overpaid by the taxpayer for purposes of section 6512(b). Otherwise, our overpayment jurisdiction would not mirror the jurisdiction of the U.S. District Courts and the Court of Federal Claims. See, e.g., Triangle Corp. v. United States, 592 F. Supp. 1316 (D. Conn. 1984).

In exercising overpayment jurisdiction under section 6512(b) with regard to overpayment interest in the case of overpayments credited or refunded by the Commissioner, we are not acting in derogation of section 6512(b)(4), as suggested by respondent. Section 6512(b)(4) provides that the Tax Court shall have no jurisdiction "to restrain or review any credit or reduction made by the Secretary under section 6402." In Savage v. Commissioner, 112 T.C. 46 (1999), for example, the taxpayer's 1993 return claimed an overpayment of approximately $10,000, which the Commissioner credited to the taxpayer's assessed tax liabilities for 1990 and 1991. Thereafter, the Commissioner issued a notice of deficiency with respect to 1993, and the taxpayer filed a timely petition. The taxpayer argued that the Commissioner had improperly

determined the taxpayer's tax liabilities for 1990 and 1991.  We held that we lacked jurisdiction to consider the matter, pursuant to section 6512(b)(4).

Unlike <u>Savage</u>, in exercising our overpayment jurisdiction with respect to overpayment interest on overpayments that have been credited or refunded by the Commissioner, we are not called upon "to restrain or review" the tax liability against which the overpayment is credited, within the meaning of section 6512(b)(4). To the contrary, the only issue in this case is whether the amount of credit should have been higher by reason of respondent's failure to allow all or a portion of the interest on the overpayment.

To reflect the foregoing,

<u>An appropriate order will</u>
<u>be issued denying respondent's</u>
<u>motion to dismiss</u>.

APPENDIX 1: 1979

| A<br>Event Description | B<br>Eff. Date | C<br>Days | D<br>Rate | E<br>Factor | F<br>Prior Balance[2] | G<br>Other Events | H<br>Overpymt Int. | I<br>Underpymt Int. | J<br>Acct. Balance |
|---|---|---|---|---|---|---|---|---|---|
| a. 150-Tax PR | 03/15/80 | | | | | $146,435,309.00 | | | |
| b. 820-to F1120 '81 | [1]03/15/80 | | | | | 886,750.57 | | | |
| c. 820-to F1120 '71 | 03/15/80 | | | | | 340,741.37 | | | |
| d. 290-F1120X | 03/15/80 | | | | | 7,594,441.00 | | | |
| e. 820-to F941 9/93 | [1]03/15/80 | | | | | 20,631.34 | | | |
| f. 826-to F941 9/93 | [1]03/15/80 | | | | | 6,854.90 | | | |
| h. 660-F7004 pymt | 03/15/80 | | | | | -6,500,000.00 | | | |
| i. 301-Part of App. | 03/15/80 | | | | | -1,239,455.00 | | | |
| j. 291-Refund Claim | 03/15/80 | | | | | -828,693.00 | | | |
| k. Est. Tax Pay. | 03/15/80 | | | | | -147,200,000.00 | | | |
| l. 710-Cr from 1978 | 03/15/80 | | | | | -21,017,732.00 | | | |
| m. 301-FTC cb '81 | [1]03/15/80 | | | | | -3,876,645.00 | | | |
| n.766-Fuel Cr. | 03/15/80 | | | | | -60,326.00 | | | |
| Adjusting to petitioner's balance | | | | | | -0.16 | | | -$25,438,122.98 |
| p.836- to F1120 '80 | 09/15/80 | | | | | 24,898,295.00 | | | -539,827.98 |
| Resume Interest | 09/15/80 | | | | -$539,827.98 | | | | -539,827.98 |
| Interest[2] | 01/01/82 | 473 | 0.12 | 0.155506849 | -539,827.98 | | -$83,946.95 | | -623,774.93 |
| q.820-to F1120 '80 | 01/01/82 | | | | -623,774.93 | 3,876,645.00 | | | 3,252,870.07 |
| Interest[2] | 01/31/82 | 30 | 0.12 | 0.009863014 | 3,336,817.02 | | | $32,911.07 | 3,285,781.14 |
| Interest[2] | 12/31/82 | 334 | 0.20 | 0.183013699 | 3,336,817.02 | | | 610,683.22 | 3,896,464.36 |
| Interest | 03/15/83 | 74 | 0.16 | 0.0329628729 | 3,896,464.36 | | | 128,438.66 | 4,024,903.02 |
| r.295-F1139 Ref due | 03/15/83 | | | | 4,024,903.02 | -1,248,123.28 | | | 2,776,779.74 |
| Interest | 06/30/83 | 107 | 0.16 | 0.0480107382 | 2,776,779.74 | | | 133,315.25 | 2,910,094.99 |
| Interest | 10/07/83 | 99 | 0.11 | 0.0302805271 | 2,910,094.99 | | | 88,119.21 | 2,998,214.20 |
| s.840-Refund | 10/07/83 | | | | 2,998,214.20 | 18,080,229.72 | | | 21,078,443.92 |
| t.295-F1139 Tx Abt | 10/07/83 | | | | 21,078,443.92 | -18,080,229.72 | | | 2,998,214.20 |
| Interest | 12/31/83 | 85 | 0.11 | 0.0259433996 | 2,998,214.20 | | | 77,783.87 | 3,075,998.07 |
| Interest | 01/02/84 | 2 | 0.11 | 0.0006011832 | 3,075,998.07 | | | 1,849.24 | 3,077,847.31 |
| u.826-to F941 3/76 | [1]01/02/84 | | | | 3,077,847.31 | 15,305.69 | | | 3,093,153.00 |
| Interest | 02/06/84 | 35 | 0.11 | 0.0105730491 | 3,093,153.00 | | | 32,704.06 | 3,125,857.06 |
| v.826-to F941 var | [1]02/06/84 | | | | 3,125,857.06 | 4,591.49 | | | 3,130,448.55 |
| Interest | 06/30/84 | 145 | 0.11 | 0.0445359162 | 3,130,448.55 | | | 139,417.39 | 3,269,865.94 |
| Interest | 10/16/84 | 108 | 0.11 | 0.0329865189 | 3,269,865.94 | | | 107,861.49 | 3,377,727.43 |
| w.826-to F941 var | 10/16/84 | | | | 3,377,727.43 | 405.34 | | | 3,378,132.77 |
| x.670-Sun's pymt | 10/16/84 | | | | 3,378,132.77 | -5,772,580.00 | | | -2,394,447.23 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Interest | 12/31/84 | 76 | 0.11 | 0.0231008843 | -2,394,447.23 | | -55,313.85 | -2,449,761.08 |
| Interest | 06/19/85 | 170 | 0.13 | 0.0624070815 | -2,449,761.08 | | -152,882.44 | -2,602,643.52 |
| y.820-to F1120 '80 | 06/19/85 | | | | -2,602,643.52 | 1,239,455.00 | | -1,363,188.52 |
| z.670-Sun's 3 pymt | 06/19/85 | | | | -1,363,188.52 | -5,781,344.13 | | -7,144,532.65 |
| Interest | 06/30/85 | 11 | 0.13 | 0.0039247926 | -7,144,532.65 | | -28,040.81 | -7,172,573.46 |
| Interest | 12/31/85 | 184 | 0.11 | 0.0570095065 | -7,172,573.46 | | -408,904.87 | -7,581,478.33 |
| Interest | 06/30/86 | 181 | 0.10 | 0.0508320189 | -7,581,478.33 | | -385,381.85 | -7,966,860.18 |
| Interest | 12/31/86 | 184 | 0.09 | 0.0464089663 | -7,966,860.18 | | -369,733.75 | -8,336,593.93 |
| Interest | 03/31/87 | 90 | 0.08 | 0.0199196666 | -8,336,593.93 | | -166,062.17 | -8,502,656.10 |
| Interest | 06/30/87 | 91 | 0.08 | 0.0201432106 | -8,502,656.10 | | -171,270.79 | -8,673,926.89 |
| Interest | 09/30/87 | 92 | 0.08 | 0.0203668037 | -8,673,926.89 | | -176,660.17 | -8,850,587.06 |
| Interest | 12/31/87 | 92 | 0.09 | 0.0229413308 | -8,850,587.06 | | -203,044.25 | -9,053,631.31 |
| Interest | 02/29/88 | 60 | 0.10 | 0.0165262763 | -9,053,631.31 | | -149,622.81 | -9,203,254.12 |
| aa.826-to 1120 '82 | [1] 02/09/88 | | | | -9,203,254.12 | 2,097,917.98 | | -7,105,336.14 |
| Interest | 03/31/88 | 31 | 0.10 | 0.0085047501 | -7,105,336.14 | | -60,429.11 | -7,165,765.25 |
| Interest | 06/30/88 | 91 | 0.09 | 0.0226264803 | -7,165,765.25 | | -162,136.05 | -7,327,901.30 |
| Interest | 09/30/88 | 92 | 0.09 | 0.0228779458 | -7,327,901.30 | | -167,647.33 | -7,495,548.63 |
| Interest | 12/31/88 | 92 | 0.10 | 0.0254516797 | -7,495,548.63 | | -190,774.30 | -7,686,322.93 |
| Interest | 03/31/89 | 90 | 0.10 | 0.0249605839 | -7,686,322.93 | | -191,855.11 | -7,878,178.04 |
| Interest | 06/30/89 | 91 | 0.11 | 0.0277999284 | -7,878,178.04 | | -219,012.79 | -8,097,190.83 |
| Interest | 09/30/89 | 92 | 0.11 | 0.0281096763 | -8,097,190.83 | | -227,609.41 | -8,324,800.24 |
| Interest | 12/31/89 | 92 | 0.10 | 0.0255222831 | -8,324,800.24 | | -212,467.91 | -8,537,268.15 |
| Interest | 03/31/90 | 90 | 0.10 | 0.0249605839 | -8,537,268.15 | | -213,095.20 | -8,750,363.35 |
| Interest | 06/30/90 | 91 | 0.10 | 0.025241395 | -8,750,363.35 | | -220,871.38 | -8,971,234.73 |
| Interest | 09/30/90 | 92 | 0.10 | 0.0255222831 | -8,971,234.73 | | -228,966.39 | -9,200,201.12 |
| Interest | 12/31/90 | 92 | 0.10 | 0.0255222831 | -9,200,201.12 | | -234,810.14 | -9,435,011.26 |
| Interest | 03/31/91 | 90 | 0.10 | 0.0249605839 | -9,435,011.26 | | -235,503.39 | -9,670,514.65 |
| Interest | 06/30/91 | 91 | 0.09 | 0.0226891609 | -9,670,514.65 | | -219,415.86 | -9,889,930.51 |
| Interest | 09/24/91 | 86 | 0.09 | 0.0214292434 | -9,889,930.51 | | -211,933.73 | -10,101,864.24 |
| bb.840-Refund | 09/24/91 | | | | -10,101,864.24 | 3,066,961.86 | | -7,034,902.38 |
| Interest | 09/30/91 | 6 | 0.09 | 0.0014803643 | -7,034,902.38 | | -10,414.22 | -7,045,316.60 |
| Interest | 12/31/91 | 92 | 0.09 | 0.0229413308 | -7,045,316.60 | | -161,628.94 | -7,206,945.54 |
| Interest | 03/31/92 | 91 | 0.08 | 0.0200876315 | -7,206,945.54 | | -144,770.47 | -7,351,716.01 |
| Interest | 06/30/92 | 91 | 0.07 | 0.0175550168 | -7,351,716.01 | | -129,059.50 | -7,480,775.51 |
| Interest | 09/30/92 | 92 | 0.07 | 0.0177496312 | -7,480,775.51 | | -132,781.01 | -7,613,556.52 |
| Interest | 12/31/92 | 92 | 0.06 | 0.0151950191 | -7,613,556.52 | | -115,688.14 | -7,729,244.66 |
| Interest | 01/29/93 | 29 | 0.06 | 0.0047781104 | -7,729,244.66 | | -36,931.18 | -7,766,175.84 |
| cc.840-Refund | 01/29/93 | | | | -7,766,175.84 | 2,778,088.71 | | -4,988,087.13 |
| Interest | 03/31/93 | 61 | 0.06 | 0.0100770077 | -4,988,087.13 | | -50,264.99 | -5,038,352.12 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Interest | 06/30/93 | 91 | 0.06 | 0.0150701006 | -5,038,352.12 | | -75,928.47 | -5,114,280.59 |
| Interest | 09/30/93 | 92 | 0.06 | 0.0152369614 | -5,114,280.59 | | -77,926.10 | -5,192,206.69 |
| Interest | 11/29/93 | 60 | 0.06 | 0.0099109949 | -5,192,206.69 | | -51,459.93 | -5,243,666.62 |
| dd.826-to other A/C | 11/29/93 | | | | -5,243,666.62 | 210,562.30 | | -5,033,104.32 |
| Interest | 12/14/93 | 15 | 0.06 | 0.0024685928 | -5,033,104.32 | | -12,424.69 | -5,045,529.01 |
| ee. 840-Refund | 12/14/93 | | | | -5,045,529.01 | 2,408,311.97 | | -2,637,217.04 |
| Totals | | | | | | 2,356,369.95 | -6,346,670.45  1,353,083.46 | -2,637,217.04 |

[1]Adjustment asserted by petitioner
[2]Before 1/1/83, simple interest is used and interest is not included in the prior balance upon which interest is calculated.

APPENDIX 2: 1981

| | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| | Event Description | Eff. Date | Days | Rate | Factor | Prior Balance[2] | Other Events | Overpymt Int. | Underpymt Int. | Acct. Balance |
| | a.150-Tax | 03/15/82 | | | | | $300,176,893.00 | | | |
| | b.290-1120X | 03/15/82 | | | | | 4,934,467.00 | | | |
| | c.290-1120X | 03/15/82 | | | | | 28,182,160.00 | | | |
| | d.660-F7004 | 03/15/82 | | | | | -41,000,000.00 | | | |
| | e.766-fuel credit | 03/15/82 | | | | | -144,912.00 | | | |
| | f.660-Est. pymt. | 03/15/82 | | | | | -202,000,000.00 | | | |
| | g.710-cr. el fr 80 | 03/15/82 | | | | | -43,721,180.00 | | | |
| | h.291-claim | 03/15/82 | | | | | -1,644,270.00 | | | |
| | i.291-claim | 03/15/82 | | | | | -1,645.00 | | | |
| | j.300-audit (2285) | 03/15/82 | | | | | -3,168,515.00 | | | |
| | k.301-Appeals | 03/15/82 | | | | | -8,476,876.00 | | | |
| | l.301-Appeals | 03/15/82 | | | | | -231,154.00 | | | |
| | m.700-cr fr 1979 | [1] 03/15/82 | | | | | -886,750.57 | | | |
| | n.766 cr. allowed | 03/15/82 | | | | | -26,898,601.00 | | | |
| | Adjusting to petitioner's balance | | | | | | -0.22 | | | $5,119,616.21 |
| | Resume interest | 06/15/82 | | | | $5,119,616.21 | | | | 5,119,616.21 |
| | o. 660-F7005 | 06/15/82 | | | | 5,119,616.21 | -41,000,000.00 | | | -35,880,383.79 |
| | Interest[2] | 11/19/82 | 157 | 0.20 | 0.0860273973 | -35,880,383.79 | | -$3,086,696.03 | | -38,967,079.82 |
| | p. 840-refund | [1] 11/19/82 | | | | -38,967,079.82 | 26,818,526.98 | | | -12,148,552.84 |
| | Interest[2] | 12/27/82 | 38 | 0.20 | 0.020821918 | -9,061,856.81 | | -188,685.24 | | -12,337,238.08 |
| | q.826-to 941 12/81 | [1] 12/27/82 | | | | -12,337,238.08 | 55,837.30 | | | -12,281,400.78 |
| | Interest[2] | 12/31/82 | 4 | 0.20 | 0.002191781 | -9,006,019.51 | | -19,739.22 | | -12,301,140.00 |
| | Interest | 01/23/83 | 23 | 0.16 | 0.0101309568 | -12,301,140.00 | | -124,622.32 | | -12,425,762.32 |
| | r.670-Sun's pymt. | [1]01/23/83 | | | | -12,425,762.32 | -4,934,467.00 | | | -17,360,229.32 |
| | Interest | 03/15/83 | 51 | 0.16 | 0.0226029269 | -17,360,229.32 | | -392,391.99 | | -17,752,621.31 |
| | s.700-cr fr 1982 | [1] 03/15/83 | | | | -17,752,621.31 | -1,140,697.00 | | | -18,893,318.31 |
| | Interest | 06/30/83 | 107 | 0.16 | 0.0480107382 | -18,893,318.31 | | -907,082.16 | | -19,800,400.47 |
| | Interest | 12/31/83 | 184 | 0.11 | 0.0570095065 | -19,800,400.47 | | -1,128,811.06 | | -20,929,211.53 |
| | Interest | 06/30/84 | 182 | 0.11 | 0.0562144426 | -20,929,211.53 | | -1,176,523.96 | | -22,105,735.49 |
| | Interest | 08/20/84 | 51 | 0.11 | 0.0154436047 | -22,105,735.49 | | -341,392.24 | | -22,447,127.73 |
| | t.826-to 941 vari. | [1] 08/20/84 | | | | -22,447,127.73 | 40,389.14 | | | -22,406,738.59 |
| | Interest | •10/08/84 | 49 | 0.11 | 0.0148335038 | -22,406,738.59 | | -332,370.44 | | -22,739,109.03 |
| | u.826-to 941 vari. | [1]10/08/84 | | | | -22,739,109.03 | 12,381.10 | | | -22,726,727.93 |
| | Interest | 10/12/84 | 4 | 0.11 | 0.0012027279 | -22,726,727.93 | | -27,334.07 | | -22,754,062.00 |
| | v. 976-py F1120x | [1]10/12/84 | | | | -22,754,062.00 | -28,182,160.00 | | | -50,936,222.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Interest | 12/31/84 | 80 | 0.11 | 0.0243313963 | -50,936,222.00 | | -1,239,349.40 | -52,175,571.40 |
| Interest | 03/15/85 | 74 | 0.13 | 0.0267017419 | -52,175,571.40 | | -1,393,178.64 | -53,568,750.04 |
| w. 700-Cr fr 1984 | [1]03/15/85 | | | | -53,568,750.04 | -1,040,405.13 | | -54,609,155.17 |
| x.295-1139 cb '84 | [1]03/15/85 | | | | -54,609,155.17 | -776,259.63 | | -55,385,414.80 |
| Interest | 06/21/85 | 98 | 0.13 | 0.0355139725 | -55,385,414.80 | | -1,966,956.10 | -57,352,370.90 |
| y. to F1120 - 1980 | 06/21/85 | | | | -57,352,370.90 | 6,456,346.07 | | -50,896,024.83 |
| z. Sun's pymt | 06/21/85 | | | | -50,896,024.83 | -10,386,805.00 | | -61,282,829.83 |
| Interest | 06/30/85 | 9 | 0.13 | 0.00321005 | -61,282,829.83 | | -196,720.95 | -61,479,550.78 |
| Interest | 09/25/85 | 87 | 0.11 | 0.0265618696 | -61,479,550.78 | | -1,633,011.81 | -63,112,562.59 |
| aa.840-refund | [1]09/25/85 | | | | -63,112,562.59 | 32,881,474.37 | | -30,231,088.22 |
| bb. Part of appeal | [1]09/25/85 | | | | -30,231,088.22 | 9,342,233.00 | | -20,888,855.22 |
| cc. F1139 tx abate | [1]09/25/85 | | | | -20,888,855.22 | -32,881,474.00 | | -53,770,329.22 |
| Interest | 12/31/85 | 97 | 0.11 | 0.0296598167 | -53,770,329.22 | | -1,594,818.11 | -55,365,147.33 |
| Interest | 06/30/86 | 181 | 0.10 | 0.0508320189 | -55,365,147.33 | | -2,814,322.22 | -58,179,469.55 |
| Interest | 12/31/86 | 184 | 0.09 | 0.0464089663 | -58,179,469.55 | | -2,700,049.04 | -60,879,518.59 |
| Interest | 02/25/87 | 56 | 0.08 | 0.0123482454 | -60,879,518.59 | | -751,755.24 | -61,631,273.83 |
| dd.820-to 03 82/03 | [1]02/25/87 | | | | -61,631,273.83 | 10,386,805.02 | | -51,244,468.81 |
| ee.820-to 03 82/03 | [1]02/25/87 | | | | -51,244,468.81 | 3,153.44 | | -51,241,315.37 |
| ff.820-to 03 82/03 | [1]02/25/87 | | | | -51,241,315.37 | 27,962,487.54 | | -23,278,827.83 |
| Interest | 03/31/87 | 34 | 0.08 | 0.0074790678 | -23,278,827.83 | | -174,103.93 | -23,452,931.76 |
| Interest | 06/15/87 | 76 | 0.08 | 0.0167951887 | -23,452,931.76 | | -393,896.41 | -23,846,828.17 |
| gg.part of appeal | [1]06/15/87 | | | | -23,846,828.17 | -1,404,570.00 | | -25,251,398.17 |
| Interest | 06/30/87 | 15 | 0.08 | 0.0032927201 | -25,251,398.17 | | -83,145.79 | -25,334,543.96 |
| Interest | 09/30/87 | 92 | 0.08 | 0.0203668037 | -25,334,543.96 | | -515,983.68 | -25,850,527.64 |
| Interest | 12/31/87 | 92 | 0.09 | 0.0229413308 | -25,850,527.64 | | -593,045.51 | -26,443,573.15 |
| Interest | 03/31/88 | 91 | 0.10 | 0.0251715782 | -26,443,573.15 | | -665,626.47 | -27,109,199.62 |
| Interest | 06/30/88 | 91 | 0.09 | 0.0226264803 | -27,109,199.62 | | -613,385.77 | -27,722,585.39 |
| Interest | 09/30/88 | 92 | €.09 | 0.0228779458 | -27,722,585.39 | | -634,235.81 | -28,356,821.20 |
| Interest | 12/31/88 | 92 | 0.10 | 0.0254516797 | -28,356,821.20 | | -721,728.73 | -29,078,549.93 |
| Interest | 03/31/89 | 90 | 0.10 | 0.0249605839 | -29,078,549.93 | | -725,817.59 | -29,804,367.52 |
| Interest | 06/30/89 | 91 | 0.11 | 0.0277999284 | -29,804,367.52 | | -828,559.28 | -30,632,926.80 |
| Interest | 09/30/89 | 92 | 0.11 | 0.0281096763 | -30,632,926.80 | | -861,081.66 | -31,494,008.46 |
| Interest | 12/31/89 | 92 | 0.10 | 0.0255222831 | -31,494,008.46 | | -803,799.00 | -32,297,807.46 |
| Interest | 03/31/90 | 90 | 0.10 | 0.0249605839 | -32,297,807.46 | | -806,172.13 | -33,103,979.59 |
| Interest | 06/30/90 | 91 | 0.10 | 0.025241395 | -33,103,979.59 | | -835,590.62 | -33,939,570.21 |
| Interest | 09/30/90 | 92 | 0.10 | 0.0255222831 | -33,939,570.21 | | -866,215.32 | -34,805,785.53 |
| Interest | 12/31/90 | 92 | 0.10 | 0.0255222831 | -34,805,785.53 | | -888,323.11 | -35,694,108.64 |
| Interest | 03/31/91 | 90 | 0.10 | 0.0249605839 | -35,694,108.64 | | -890,945.79 | -36,585,054.43 |
| Interest | 06/30/91 | 91 | 0.09 | 0.0226891609 | -36,585,054.43 | | -830,084.19 | -37,415,138.62 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Interest | 09/24/91 | 86 | 0.09 | 0.0214292434 | -37,415,138.62 | | -801,778.11 | | -38,216,916.73 |
| hh.840-refund | 09/24/91 | | | | -38,216,916.73 | 6,890,739.92 | | | -31,326,176.81 |
| Interest | 09/30/91 | 6 | 0.09 | 0.0014803643 | -31,326,176.81 | | -46,374.15 | | -31,372,550.96 |
| Interest | 12/31/91 | 92 | 0.09 | 0.0229413308 | -31,372,550.96 | | -719,728.07 | | -32,092,279.03 |
| Interest | 03/31/92 | 91 | 0.08 | 0.0200876315 | -32,092,279.03 | | -644,657.88 | | -32,736,936.91 |
| Interest | 06/30/92 | 91 | 0.07 | 0.0175550168 | -32,736,936.91 | | -574,697.48 | | -33,311,634.39 |
| Interest | 09/30/92 | 92 | 0.07 | 0.0177496312 | -33,311,634.39 | | -591,269.23 | | -33,902,903.62 |
| Interest | 12/31/92 | 92 | 0.06 | 0.0151950191 | -33,902,903.62 | | -515,155.27 | | -34,418,058.89 |
| Interest | 01/29/93 | 29 | 0.06 | 0.0047781104 | -34,418,058.89 | | -164,453.29 | | -34,582,512.18 |
| ii.840-refund | 01/29/93 | | | | -34,582,512.18 | 1,163,480.14 | | | -33,419,032.04 |
| Interest | 03/31/93 | 61 | 0.06 | 0.0100770077 | -33,419,032.04 | | -336,763.84 | | -33,755,795.88 |
| Interest | 06/30/93 | 91 | 0.06 | 0.0150701006 | -33,755,795.88 | | -508,703.24 | | -34,264,499.12 |
| Interest | 09/30/93 | 92 | 0.06 | 0.0152369614 | -34,264,499.12 | | -522,086.85 | | -34,786,585.97 |
| Interest | 12/03/93 | 64 | 0.06 | 0.0105752097 | -34,786,585.97 | | -367,875.44 | | -35,154,461.41 |
| jj.840-refund | 12/03/93 | | | | -35,154,461.41 | 4,303,122.45 | | | -30,851,338.96 |
| Interest | 12/31/93 | 28 | 0.06 | 0.0046129686 | -30,851,338.96 | | -142,316.26 | | -30,993,655.22 |
| Interest | 03/31/94 | 90 | 0.06 | 0.0149032672 | -30,993,655.22 | | -461,906.73 | | -31,455,561.95 |
| Interest | 06/30/94 | 91 | 0.06 | 0.0150701006 | -31,455,561.95 | | -474,038.48 | | -31,929,600.43 |
| Interest | 09/30/94 | 92 | 0.07 | 0.0177986858 | -31,929,600.43 | | -568,304.93 | | -32,497,905.36 |
| Interest | 11/01/94 | 32 | 0.08 | 0.0070375783 | -32,497,905.36 | | -228,706.55 | | -32,726,611.91 |
| kk.840-refund | 11/01/94 | | | | -32,726,611.91 | 1,704,414.25 | | | -31,022,197.66 |
| Interest | 12/31/94 | 60 | 0.08 | 0.0132360755 | -31,022,197.66 | | -410,612.15 | | -31,432,809.81 |
| Interest | 03/31/95 | 90 | 0.08 | 0.0199196666 | -31,432,809.81 | | -626,131.09 | | -32,058,940.90 |
| Interest | 06/30/95 | 91 | 0.09 | 0.0226891609 | -32,058,940.90 | | -727,390.47 | | -32,786,331.37 |
| Interest | 09/30/95 | 92 | 0.08 | 0.0203668037 | -32,786,331.37 | | -667,752.78 | | -33,454,084.15 |
| Interest | 12/31/95 | 92 | 0.08 | 0.0203668037 | -33,454,084.15 | | -681,352.76 | | -34,135,436.91 |
| Interest | 03/31/96 | 91 | 0.08 | 0.0200876315 | -34,135,436.91 | | -685,700.08 | | -34,821,136.99 |
| Interest | 06/30/96 | 91 | 0.07 | 0.0175550168 | -34,821,136.99 | | -611,285.64 | | -35,432,422.63 |
| Interest | 09/30/96 | 92 | 0.08 | 0.0203106015 | -35,432,422.63 | | -719,653.82 | | -36,152,076.45 |
| Interest | 12/31/96 | 92 | 0.08 | 0.0203106015 | -36,152,076.45 | | -734,270.42 | | -36,886,346.87 |
| Interest | 03/03/97 | 62 | 0.08 | 0.0136802824 | -36,886,346.87 | | -504,615.64 | | -37,390,962.51 |
| Totals | | | | | | 11,394,169.17 | -48,785,131.68 | 0.00 | -37,390,962.51 |

[1]Adjustment asserted by petitioner

[2]Before 1/1/83, simple interest is used and interest is not included in the prior balance upon which interest is calculated.

APPENDIX 3: 1983

| A<br>Event Description | B<br>Eff. Date | C<br>Days | D<br>Rate | E<br>Factor | F<br>Prior Balance | G<br>Other Events | H<br>Overpymt Int. | I<br>Underpymt Int. | J<br>Acct. Balance |
|---|---|---|---|---|---|---|---|---|---|
| a.150-Tax p/r | 03/15/84 | | | | | $155,906,737.00 | | | |
| b.300-TEFRA audit | 03/15/84 | | | | | 44,407.00 | | | |
| c.660-Est. Pymt | 03/15/84 | | | | | -134,000,000.00 | | | |
| d.660-F7004 pymt | 03/15/84 | | | | | -35,000,000.00 | | | |
| e.766-fuel tax cr. | 03/15/84 | | | | | -51,794.00 | | | |
| h.710-cr. from '82 | 03/15/84 | | | | | -2,088,341.00 | | | |
| i.766-ref. cr. allow | 03/15/84 | | | | | -10,366,728.00 | | | |
| j.836 OP to 1984 | [1]03/15/84 | | | | | 15,233,398.00 | | | |
| | | | | | | | | | -$10,322,321.00 |
| Resume interest | [1]03/15/84 | | | | -$10,322,321.00 | | | | -10,322,321.00 |
| Interest | 06/30/84 | 107 | 0.11 | 0.0326761518 | -10,322,321.00 | | -$337,293.73 | | -10,659,614.73 |
| Interest | 12/31/84 | 184 | 0.11 | 0.056849421 | -10,659,614.73 | | -605,992.93 | | -11,265,607.66 |
| Interest | 06/30/85 | 181 | 0.13 | 0.0665768089 | -11,265,607.66 | | -750,028.21 | | -12,015,635.87 |
| Interest | 12/31/85 | 184 | 0.11 | 0.0570095065 | -12,015,635.87 | | -685,005.47 | | -12,700,641.34 |
| Interest | 06/30/86 | 181 | 0.10 | 0.0508320189 | -12,700,641.34 | | -645,599.24 | | -13,346,240.58 |
| Interest | 12/31/86 | 184 | 0.09 | 0.0464089663 | -13,346,240.58 | | -619,385.23 | | -13,965,625.81 |
| Interest | 03/31/87 | 90 | 0.08 | 0.0199196666 | -13,965,625.81 | | -278,190.61 | | -14,243,816.42 |
| Interest | 06/30/87 | 91 | 0.08 | 0.0201432106 | -14,243,816.42 | | -286,916.19 | | -14,530,732.61 |
| Interest | 09/29/87 | 91 | 0.08 | 0.0201432106 | -14,530,732.61 | | -292,695.61 | | -14,823,428.22 |
| k.840-F1139 | 09/29/87 | | | | -14,823,428.22 | 98,562,131.00 | | | 83,738,702.78 |
| l.295-F1139 tx abt | 09/29/87 | | | | 83,738,702.78 | -98,562,131.00 | | | -14,823,428.22 |
| Interest | 09/30/87 | 1 | 0.08 | 0.0002191781 | -14,823,428.22 | | -3,248.97 | | -14,826,677.19 |
| Interest | 12/16/87 | 77 | 0.09 | 0.0191653021 | -14,826,677.19 | | -284,157.75 | | -15,110,834.94 |
| m.840-refund | 12/16/87 | | | | -15,110,834.94 | 10,337,368.96 | | | -4,773,465.98 |
| Interest | 12/31/87 | 15 | 0.09 | 0.0037050209 | -4,773,465.98 | | -17,685.79 | | -4,791,151.77 |
| Interest | 01/28/88 | 28 | 0.10 | 0.0076785584 | -4,791,151.77 | | -36,789.14 | | -4,827,940.91 |
| n.820-cr. to oth AC | [1]01/28/88 | | | | -4,827,940.91 | 2,264,088.63 | | | -2,563,852.28 |
| o.820-cr. to oth AC | [1]01/28/88 | | | | -2,563,852.28 | 1,083,252.72 | | | -1,480,599.56 |
| Interest | 03/31/88 | 63 | 0.10 | 0.0173597222 | -1,480,599.56 | | -25,702.80 | | -1,506,302.36 |
| Interest | 06/30/88 | 91 | 0.09 | 0.0226264803 | -1,506,302.36 | | -34,082.32 | | -1,540,384.68 |
| Interest | 09/30/88 | 92 | 0.09 | 0.0228779458 | -1,540,384.68 | | -35,240.84 | | -1,575,625.52 |
| Interest | 12/31/88 | 92 | 0.10 | 0.0254516797 | -1,575,625.52 | | -40,102.32 | | -1,615,727.84 |
| Interest | 03/31/89 | 90 | 0.10 | 0.0249605839 | -1,615,727.84 | | -40,329.51 | | -1,656,057.35 |
| Interest | 06/30/89 | 91 | 0.11 | 0.0277999284 | -1,656,057.35 | | -46,038.28 | | -1,702,095.63 |
| Interest | 09/30/89 | 92 | 0.11 | 0.0281096763 | -1,702,095.63 | | -47,845.36 | | -1,749,940.99 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Interest | 12/31/89 | 92 | 0.10 | 0.0255222831 | -1,749,940.99 | | -44,662.49 | | -1,794,603.48 |
| Interest | 03/31/90 | 90 | 0.10 | 0.0249605839 | -1,794,603.48 | | -44,794.35 | | -1,839,397.83 |
| Interest | 06/30/90 | 91 | 0.10 | 0.025241395 | -1,839,397.83 | | -46,428.97 | | -1,885,826.80 |
| Interest | 09/30/90 | 92 | 0.10 | 0.0255222831 | -1,885,826.80 | | -48,130.61 | | -1,933,957.41 |
| Interest | 12/31/90 | 92 | 0.10 | 0.0255222831 | -1,933,957.41 | | -49,359.01 | | -1,983,316.42 |
| Interest | 03/31/91 | 90 | 0.10 | 0.0249605839 | -1,983,316.42 | | -49,504.74 | | -2,032,821.16 |
| Interest | 06/30/91 | 91 | 0.09 | 0.0226891609 | -2,032,821.16 | | -46,123.01 | | -2,078,944.17 |
| Interest | 09/30/91 | 92 | 0.09 | 0.0229413308 | -2,078,944.17 | | -47,693.75 | | -2,126,637.92 |
| Interest | 12/31/91 | 92 | 0.09 | 0.0229413308 | -2,126,637.92 | | -48,787.90 | | -2,175,425.82 |
| Interest | 03/31/92 | 91 | 0.08 | 0.0200876315 | -2,175,425.82 | | -43,699.15 | | -2,219,124.97 |
| Interest | 06/30/92 | 91 | 0.07 | 0.0175550168 | -2,219,124.97 | | -38,956.78 | | -2,258,081.75 |
| Interest | 09/30/92 | 92 | 0.07 | 0.0177496312 | -2,258,081.75 | | -40,080.12 | | -2,298,161.87 |
| Interest | 12/31/92 | 92 | 0.06 | 0.0151950191 | -2,298,161.87 | | -34,920.61 | | -2,333,082.48 |
| Interest | 03/31/93 | 90 | 0.06 | 0.0149032672 | -2,333,082.48 | | -34,770.55 | | -2,367,853.03 |
| Interest | 06/14/93 | 75 | 0.06 | 0.0124040539 | -2,367,853.03 | | -29,370.98 | | -2,397,224.01 |
| p. cash bond | 04/05/89 | | | | -2,397,224.01 | -35,000,000.00 | | | -37,397,224.01 |
| Totals | | | | | | -31,637,610.69 | -5,759,613.32 | 0.00 | -37,397,224.01 |
| Less account balance per respondent as of 6/14/93 | | | | | | | | | 34,930,622.99 |
| | | | | | | | | | -2,466,601.02 |

[1]Adjustment asserted by petitioner

APPENDIX 4: 1979[3]

| A Event Description | B Eff. Date | C Days | D Rate | E Factor | F Prior Balance[2] | G Other Events | H Overpymt Int. | I Underpymt Int. | J Acct. Balance |
|---|---|---|---|---|---|---|---|---|---|
| a. 150-Tax PR | 03/15/80 | | | | | $146,435,309.00 | | | |
| b. 820-to F1120 '81 | [1]03/15/80 | | | | | 886,750.57 | | | |
| c. 820-to F1120 '71 | 03/15/80 | | | | | 340,741.37 | | | |
| d. 290-F1120X | 03/15/80 | | | | | 7,594,441.00 | | | |
| e. 820-to F941 9/93 | [1]03/15/80 | | | | | 20,631.34 | | | |
| f. 826-to F941 9/93 | [1]03/15/80 | | | | | 6,854.90 | | | |
| h. 660-F7004 pymt | 03/15/80 | | | | | -6,500,000.00 | | | |
| i. 301-Part of App. | 03/15/80 | | | | | -1,239,455.00 | | | |
| j. 291-Refund Claim | 03/15/80 | | | | | -828,693.00 | | | |
| k. Ext. Tax Pay. | 03/15/80 | | | | | -147,200,000.00 | | | |
| l. 710-Cr from 1978 | 03/15/80 | | | | | -21,017,732.00 | | | |
| m.301-FTC: eff. date is changed from 3/15/80 to 1/1/82[3] | | | | | | | | | |
| n.766-Fuel Cr. | 03/15/80 | | | | | -60,326.00 | | | |
| Adjusting to petitioner's balance | | | | | | -0.16 | | | -$21,561,477.98 |
| p.836- to F1120 '80 | | | | | | 24,898,295.00 | | | 3,336,817.02 |
| Resume interest | 09/15/80 | | | | | | | | 3,336,817.02 |
| Interest[2] | 01/01/82 | 473 | 0.12 | 0.155506849 | $3,336,817.02 | | | $518,897.90 | 3,855,714.92 |
| m.301-FTC: eff. date is changed from 3/15/80 to 1/1/82[3] | | | | | 3,855,714.92 | -3,876,645.00 | | | -20,930.08 |
| q.820-to F1120 '80 | 01/01/82 | | | | -20,930.08 | 3,876,645.00 | | | 3,855,714.92 |
| Interest[2] | 01/31/82 | 30 | 0.12 | 0.009863014 | 3,336,817.02 | | | 32,911.07 | 3,888,625.99 |
| Interest[2] | 12/31/82 | 334 | 0.20 | 0.183013699 | 3,336,817.02 | | | 610,683.22 | 4,499,309.21 |
| Interest | 03/15/83 | 74 | 0.16 | 0.0329628729 | 4,499,309.21 | | | 148,310.16 | 4,647,619.37 |
| r.295-F1139 Ref due | 03/15/83 | | | | 4,647,619.37 | -1,248,123.28 | | | 3,399,496.09 |
| Interest | 06/30/83 | 107 | 0.16 | 0.0480107382 | 3,399,496.09 | | | 163,212.32 | 3,562,708.41 |
| Interest | 10/07/83 | 99 | 0.11 | 0.0302805271 | 3,562,708.41 | | | 107,880.69 | 3,670,589.10 |
| s.840-Refund | 10/07/83 | | | | 3,670,589.10 | 18,080,229.72 | | | 21,750,818.82 |
| t.295-F1139 Tx Abt | 10/07/83 | | | | 21,750,818.82 | -18,080,229.72 | | | 3,670,589.10 |
| Interest | 12/31/83 | 85 | 0.11 | 0.0259433996 | 3,670,589.10 | | | 95,227.56 | 3,765,816.66 |
| Interest | 01/02/84 | 2 | 0.11 | 0.0006011832 | 3,765,816.66 | | | 2,263.95 | 3,768,080.61 |
| u.826-to F941 3/76 | [1]01/02/84 | | | | 3,768,080.61 | 15,305.69 | | | 3,783,386.30 |
| Interest | 02/06/84 | 35 | 0.11 | 0.0105730491 | 3,783,386.30 | | | 40,001.93 | 3,823,388.23 |
| v.826-to F941 var | [1]02/06/84 | | | | 3,823,388.23 | 4,591.49 | | | 3,827,979.72 |
| Interest | 06/30/84 | 145 | 0.11 | 0.0445359162 | 3,827,979.72 | | | 170,482.58 | 3,998,462.30 |
| Interest | 10/16/84 | 108 | 0.11 | 0.0329865189 | 3,998,462.30 | | | 131,895.35 | 4,130,357.65 |
| w.826-to F941 var | 10/16/84 | | | | 4,130,357.65 | 405.34 | | | 4,130,762.99 |

| | Date | Days | Rate | Factor | Balance | Credit | Interest | Ending |
|---|---|---|---|---|---|---|---|---|
| x.670-Sun's pymt | 10/16/84 | | | | 4,130,762.99 | -5,772,580.00 | | -1,641,817.01 |
| Interest | 12/31/84 | 76 | 0.11 | 0.0231008843 | -1,641,817.01 | | -$37,927.42 | -1,679,744.43 |
| Interest | 06/19/85 | 170 | 0.13 | 0.0624070815 | -1,679,744.43 | | -104,827.95 | -1,784,572.38 |
| y.820-to F1120 '80 | 06/19/85 | | | | -1,784,572.38 | 1,239,455.00 | | -545,117.38 |
| z.670-Sun's 3 pymt | 06/19/85 | | | | -545,117.38 | -5,781,344.13 | | -6,326,461.51 |
| Interest | 06/30/85 | 11 | 0.13 | 0.0039247926 | -6,326,461.51 | | -24,830.05 | -6,351,291.56 |
| Interest | 12/31/85 | 184 | 0.11 | 0.0570095065 | -6,351,291.56 | | -362,084.00 | -6,713,375.56 |
| Interest | 06/30/86 | 181 | 0.10 | 0.0508320189 | -6,713,375.56 | | -341,254.43 | -7,054,629.99 |
| Interest | 12/31/86 | 184 | 0.09 | 0.0464089663 | -7,054,629.99 | | -327,398.09 | -7,382,028.08 |
| Interest | 03/31/87 | 90 | 0.08 | 0.0199196666 | -7,382,028.08 | | -147,047.54 | -7,529,075.62 |
| Interest | 06/30/87 | 91 | 0.08 | 0.0201432106 | -7,529,075.62 | | -151,659.76 | -7,680,735.38 |
| Interest | 09/30/87 | 92 | 0.08 | 0.0203668037 | -7,680,735.38 | | -156,432.03 | -7,837,167.41 |
| Interest | 12/31/87 | 92 | 0.09 | 0.0229413308 | -7,837,167.41 | | -179,795.05 | -8,016,962.46 |
| Interest | 02/29/88 | 60 | 0.10 | 0.0165262763 | -8,016,962.46 | | -132,490.54 | -8,149,453.00 |
| aa.826-to 1120 '82 [1] | 02/29/88 | | | | -8,149,453.00 | 2,097,917.98 | | -6,051,535.02 |
| Interest | 03/31/88 | 31 | 0.10 | 0.0085047501 | -6,051,535.02 | | -51,466.79 | -6,103,001.81 |
| Interest | 06/30/88 | 91 | 0.09 | 0.0226264803 | -6,103,001.81 | | -138,089.45 | -6,241,091.26 |
| Interest | 09/30/88 | 92 | 0.09 | 0.0228779458 | -6,241,091.26 | | -142,783.35 | -6,383,874.61 |
| Interest | 12/31/88 | 92 | 0.10 | 0.0254516797 | -6,383,874.61 | | -162,480.33 | -6,546,354.94 |
| Interest | 03/31/89 | 90 | 0.10 | 0.0249605839 | -6,546,354.94 | | -163,400.84 | -6,709,755.78 |
| Interest | 06/30/89 | 91 | 0.11 | 0.0277999284 | -6,709,755.78 | | -186,530.73 | -6,896,286.51 |
| Interest | 09/30/89 | 92 | 0.11 | 0.0281096763 | -6,896,286.51 | | -193,852.38 | -7,090,138.89 |
| Interest | 12/31/89 | 92 | 0.10 | 0.0255222831 | -7,090,138.89 | | -180,956.53 | -7,271,095.42 |
| Interest | 03/31/90 | 90 | 0.10 | 0.0249605839 | -7,271,095.42 | | -181,490.79 | -7,452,586.21 |
| Interest | 06/30/90 | 91 | 0.10 | 0.025241395 | -7,452,586.21 | | -188,113.67 | -7,640,699.88 |
| Interest | 09/30/90 | 92 | 0.10 | 0.0255222831 | -7,640,699.88 | | -195,008.11 | -7,835,707.99 |
| Interest | 12/31/90 | 92 | 0.10 | 0.0255222831 | -7,835,707.99 | | -199,985.16 | -8,035,693.15 |
| Interest | 03/31/91 | 90 | 0.10 | 0.0249605839 | -8,035,693.15 | | -200,575.59 | -8,236,268.74 |
| Interest | 06/30/91 | 91 | 0.09 | 0.0226891609 | -8,236,268.74 | | -186,874.03 | -8,423,142.77 |
| Interest | 09/24/91 | 86 | 0.09 | 0.0214292434 | -8,423,142.77 | | -180,501.58 | -8,603,644.35 |
| bb.840-Refund | 09/24/91 | | | | -8,603,644.35 | 3,066,961.86 | | -5,536,682.49 |
| Interest | 09/30/91 | 6 | 0.09 | 0.0014803643 | -5,536,682.49 | | -8,196.31 | -5,544,878.80 |
| Interest | 12/31/91 | 92 | 0.09 | 0.0229413308 | -5,544,878.80 | | -127,206.90 | -5,672,085.70 |
| Interest | 03/31/92 | 91 | 0.08 | 0.0200876315 | -5,672,085.70 | | -113,938.77 | -5,786,024.47 |
| Interest | 06/30/92 | 91 | 0.07 | 0.0175550168 | -5,786,024.47 | | -101,573.76 | -5,887,598.23 |
| Interest | 09/30/92 | 92 | 0.07 | 0.0177496312 | -5,887,598.23 | | -104,502.70 | -5,992,100.93 |
| Interest | 12/31/92 | 92 | 0.06 | 0.0151950191 | -5,992,100.93 | | -91,050.09 | -6,083,151.02 |
| Interest | 01/29/93 | 29 | 0.06 | 0.0047781104 | -6,083,151.02 | | -29,065.97 | -6,112,216.99 |
| cc.840-Refund | 01/29/93 | | | | -6,112,216.99 | 2,778,088.71 | | -3,334,128.28 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Interest | 03/31/93 | 61 | 0.06 | 0.0100770077 | -3,334,128.28 | | -33,598.04 | -3,367,726.32 |
| Interest | 06/30/93 | 91 | 0.06 | 0.0150701006 | -3,367,726.32 | | -50,751.97 | -3,418,478.29 |
| Interest | 09/30/93 | 92 | 0.06 | 0.0152369614 | -3,418,478.29 | | -52,087.22 | -3,470,565.51 |
| Interest | 11/29/93 | 60 | 0.06 | 0.0099109949 | -3,470,565.51 | | -34,396.76 | -3,504,962.27 |
| dd.826-to other A/C | 11/29/93 | | | | -3,504,962.27 | 210,562.30 | | -3,294,399.97 |
| Interest | 12/14/93 | 15 | 0.06 | 0.0024685928 | -3,294,399.97 | | -8,132.53 | -3,302,532.50 |
| ee. 840-Refund | 12/14/93 | | | | -3,302,532.50 | 2,408,311.97 | | -894,220.53 |
| | | | | | | | | |
| Totals | | | | | | 2,356,369.95 | -5,272,357.21 2,021,766.73 | -894,220.53 |

[1]Adjustment asserted by petitioner
[2]Before 1/1/83, simple interest is used and interest is not included in the prior balance upon which interest is calculated.
[3]The effective date of "m.301-FTC" in the amount of $3,876,645 is changed from 3/15/80 to 1/1/82. Compare with Appendix 1.