Donald C. **BARNES**, Trustee in Dissolution for Engineers Public Service Company

v.

The **UNITED STATES**.

No. 187–55.

United States Court of Claims.
Jan. 31, 1956.

H. Brice Graves, Arlington, Va., T. Justin Moore and Hunton, Williams, Gay, Moore & Powell, Richmond, Va., on the brief, for plaintiff.

Elizabeth B. Davis, Washington, D. C., with whom was H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

The plaintiff sues to recover interest on a portion of an overpayment of excess profits tax for the year 1942 credited against income tax deficiencies for the years 1942, 1943, and 1945. The case is before this court on defendant's motion to dismiss on the ground that the suit is barred by the six-year statute of limitations embodied in 28 U.S.C. § 2501.[1] The sole issue presented on this motion is when did plaintiff's cause of action accrue.

The plaintiff duly filed consolidated income and excess profits tax returns and paid the tax shown thereon for the years 1942, 1943, 1944, and 1945. After adjustments to the income and excess profits tax liability of the plaintiff, including the carryback of an unused excess profits tax credit from 1944 and 1945, the Commissioner of Internal Rev-

[1] "Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed, or the claim is referred by the Senate or House of Representatives, or by the head of an executive department within six years after such claim first accrues. * * *"

enue determined deficiencies in income taxes for the years 1942, 1943, 1944, 1945 and overassessments in excess profits taxes for the years 1942 and 1943.

On May 19, 1948, the plaintiff filed a waiver consenting to the assessment and collection of the income tax deficiencies and accepting the overassessments in excess profits tax. The Commissioner of Internal Revenue charged interest on the income tax deficiencies and allowed interest on that part of the 1942 excess profits overpayment credited against the deficiencies to June 19, 1948, 30 days after the filing of the waiver. The income tax deficiencies were assessed on July 22, 1948. This suit is for interest on that part of the overpayment that was credited against the deficiencies, for the period from June 19, 1948, 30 days after the filing of the waiver, to July 22, 1948, date of the assessment of the deficiencies against which the overpayment was credited.

On April 20, 1949, the Commissioner of Internal Revenue submitted his report to the Joint Committee on Internal Revenue Taxation, pursuant to the provisions of section 3777(a)[2] of the Internal Revenue Code, 26 U.S.C. On May 4, 1949, the Commissioner signed the schedule of overassessments relating to the plaintiff's 1942 excess profits tax overpayment. On May 20, 1949, the 30 days from the date the Commissioner submitted his report to the Joint Committee expired. The date of the refund check was July 12, 1949, and the certificate of overassessment showing the details of the credit and refund of the 1942 overpayment of excess profits tax and interest allowances with respect thereto, was mailed on July 21, 1949. The plaintiff filed its petition in this court on May 6, 1955.

■ A statute of limitations on a suit for interest is not specifically covered by the Internal Revenue Code. Therefore, a suit for interest is founded on this court's general jurisdiction and is governed by our six-year statute of limitations.

The defendant contends that plaintiff's cause of action for the interest here sought accrued on May 4, 1949, the date that the Commissioner signed the schedule of overassessments for the refund of the 1942 excess profits tax overpayment because the refund was allowed by section 3770(a) (3)[3] at that time. The plaintiff contends that its cause of action did not accrue until May 20, 1949, because the Commissioner was prohibited by section 3777(a) from making payment before that time and, therefore, it could not have commenced a suit before that date.

■■ We agree with the defendant's position. It was early pointed out that a cause of action for interest does not accrue until the refund or credit is allowed. Colgate-Palmolive-Peet Co. v. United States, 58 F.2d 499, 74 Ct.Cl. 562, 570. There was some difficulty in ascertaining the date when the refund or credit was allowed. Congress clarified this problem and specifically provided by section 3770(a) (3) that the date of the allowance of the refund or credit was the date the Commissioner signed the schedule of overassessments. The plaintiff contends that since the Commissioner could not refund or credit the overpayment until 30 days after the submission of the report to the Joint Committee, its cause of action for the interest did not accrue until that time. This is incorrect. When the Commissioner signed the schedule of overassessments on May 4, 1949, plaintiff's

2. "No refund or credit of any income, war-profits, excess-profits, estate, or gift tax in excess of $75,000 shall be made until after the expiration of thirty days from the date upon which a report giving the name of the person to whom the refund or credit is to be made, the amount of such refund or credit, and a summary of the facts and the decision of the Commissioner is submitted to the Joint Committee on Internal Revenue Taxation."

3. "Where the Commissioner has signed a schedule of overassessments in respect of any internal revenue tax imposed by this title, the Revenue Act of 1932, or any prior revenue Act, the date on which he first signed such schedule (if after May 28, 1928) shall be considered as the date of allowance of refund or credit in respect of such tax."

credit was allowed and its cause of action for interest due on this credit matured and accrued at that time. Colgate-Palmolive-Peet Co. v. United States, supra. The submission of the report to the Joint Committee was not intended to and does not suspend the plaintiff's right to sue for the interest.

We hold that the cause of action for interest accrues on the date of the allowance of the credit. This date was May 4, 1949, and since plaintiff's petition was not filed until May 6, 1955, its cause of action is barred by the statute of limitations. The fact that plaintiff was not notified of the Commissioner's action until after July 21, 1949, does not prevent the accrual of its cause of action for interest on an allowed refund or credit. The plaintiff had five years and nine months within which to sue after it received the certificate of overassessment showing the details of the credit and refund and the interest with respect thereto. This is more time than is allowed for a suit for the principal amount.

The defendant's motion is granted, and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.