# United States Court of Appeals for the Federal Circuit

05-5014

COMPUTERVISION CORPORATION,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

John S. Brown, Bingham McCutchen LLP, of Boston, Massachusetts, argued for plaintiff-appellant. With him on the brief were George P. Mair, Donald-Bruce Abrams and Matthew D. Schnall.

Bruce R. Ellisen, Attorney, Tax Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Eileen J. O'Connor, Assistant Attorney General; Richard T. Morrison, Deputy Assistant Attorney General; and Gilbert S. Rothenberg and Francesca U. Tamami, Attorneys.

Appealed from: United States Court of Federal Claims

Judge Marian Blank Horn

# United States Court of Appeals for the Federal Circuit

05-5014

COMPUTERVISION CORPORATION,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: August 30, 2006

_____

SUPPLEMENTAL OPINION ON PETITION FOR REHEARING

Before NEWMAN, RADER, DYK, <u>Circuit Judges</u>.

PER CURIAM.

Computervision Corporation ("Computervision") petitions for rehearing en banc. The government by letter requests that we correct an error in our original opinion. We reaffirm our earlier decision affirming the decision of the United States Court of Federal Claims, in which we denied Computervision's claims for interest suspension and interest netting. <u>Computervision Corp. v. United States</u>, 445 F.3d 1355 (Fed. Cir. 2006).

In its petition for rehearing, Computervision challenges our denial of its interest suspension claim on several grounds, but does not seek rehearing on the interest netting issue. However, in a May 25, 2006, letter, the government informed us that the

interest netting portion of our opinion contained an apparent error, due largely to an error in the government's brief.

In our original decision, we held that Computervision failed to satisfy the requirement for retroactive application of the interest netting statute because under our decision in Federal National Mortgage Association v. United States, 379 F.3d 1303, 1311 (Fed. Cir. 2004) ("FNMA"), the statute applies retroactively only if the statute of limitations is open with respect to both the underpayment and overpayment.

With respect to the underpayment interest limitations period based on representations contained in the government's brief, our opinion stated:

> A claim for a refund of paid underpayment interest is barred if not filed within the later of three years from the date the return was filed or two years from the date the interest was paid. 26 U.S.C. § 6511. The underpayment interest in this case is the 1982 deficiency interest, which was paid on April 28, 1989. The limitations period for the underpayment closed two years later, on April 28, 1991 . . . .

Computervision, 445 F.3d at 1373-74.

With respect to the overpayment interest limitation period, we stated:

> A claim for interest from overpayments must be filed within six years after the due date of the return that gave rise to the overpayment interest. See 28 U.S.C. § 2401 (2000). In Computervision's case, the overpayment limitations periods expired on March 15, 1989, for the 1982 tax year; March 15, 1990, for the 1983 tax year; and August 2, 1991, for the 1984 tax year.

Computervision, 445 F.3d at 1374. The government states that the overpayment portion of the opinion is not correct and suggests revising it to read as follows:

> A suit for interest from overpayments must be filed within six years after the date on which the refund or credit of the overpayment was allowed, i.e., the date on which the IRS authorized the scheduling of an overassessment. See 28 U.S.C. § 2401 (2000); 26 U.S.C. § 6407; Barnes v. United States, 133 Ct. Cl. 546, 548-49, 137 F.Supp. 716, 718-19 (1956); General Instrument Corp. v. United States, 33 Fed. Cl. 4, 8 (1995);

> Rev. Rul. 56-506, 1956-2 C.B. 959; Rev. Proc. 99-43, § 4.02(2), 1999-2 C.B. 579. In Computervision's case, the overpayment limitations periods expired on October 24, 1989, for the 1982 tax year; November 5, 1990, for the 1983 tax year; and August 2, 1991, for the 1984 tax year. All these periods were closed as of the July 22, 1998, critical date specified in § 3301(c)(2).

Government's Letter of Counsel at 1-2 (May 25, 2006).

In a June 9, 2006, letter, we invited Computervision to respond to the government's proposed revision. In response, Computervision urged that the government's proposed revision was based on "unsupported factual assumptions," because the record does not contain the documents necessary to ascertain "the date on which the IRS authorized the scheduling of an overassessment." Computervision's Response at 1 (June 14, 2006).

We need not resolve the question of when the overpayment limitations periods expired, because under our decision in FNMA, both the overpayment and underpayment limitations period must remain open on July 22, 1998, in order for the interest netting statute to apply retroactively. See FNMA, 379 F.3d at 1311. Our earlier opinion concluded that the limitations period on Computervision's claim for underpayment interest expired on April 28, 1991, long before the July 22, 1998, critical date specified in section 3301(c)(2).[1] Nothing in the government's letter calls that conclusion into question.

However, Computervision also contends that the applicable statute of limitations as to both overpayments and underpayments remains open within the meaning of the

---

[1] A claim for credit or refund of paid underpayment interest is barred if not filed within the later of three years from the date the return was filed or two years from the date the interest was paid. 26 U.S.C. § 6511 (2000).

statute while a lawsuit is pending before the Tax Court or the Court of Federal Claims. Computervision's Response at 2 (June 14, 2006). This issue was not raised in Computervision's petition for rehearing. In any event, we rejected this argument in our original decision, and we see no reason to revisit it. <u>See</u> <u>Computervision</u>, 445 F.3d at 1374.

Computervision's other contentions with respect to our decision on the interest suspension claim are without merit. Accordingly, Computervision's petition for rehearing is <u>denied</u>.