PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2423

SUNOCO INC AND SUBSIDIARIES

v.

COMMISSIONER OF INTERNAL REVENUE,
                                        Appellant

Appeal from a Decision of the
United States Tax Court
(IRS-1: 97-19631)
Tax Court Judge: Hon. Laurence J. Whalen

Argued: January 25, 2011

Before: McKEE, *Chief Judge*, SMITH, *Circuit Judge*, and
STEARNS, *District Judge*[*]

(Opinion filed: October 7, 2011)

JOHN A. DiCICCO, ESQ.
Acting Assistant Attorney General
ANDREA TEBBETS, ESQ.
FRANCESCA U. TAMAMI, ESQ. (Argued)
Attorneys
Tax Division, Appellate Section
Department of Justice
P.O. Box 502
Washington, D.C. 20044
*Attorneys for Appellant*

STEPHEN D.D. HAMILTON, ESQ. (Argued)

---

[*] Hon. Richard G. Stearns, District Judge of the United States
District Court for the District of Massachusetts, sitting by
designation.

ALFRED W. PUTNAM, JR., ESQ.
D. ALICIA HICKOCK, ESQ.
Drinker, Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103
*Attorneys for Appellees*

OPINION

McKEE, *Chief Judge*.

The Commissioner of the Internal Revenue Service ("IRS") appeals the United States Tax Court's ruling that the latter had subject matter jurisdiction over a claim by Sunoco, Inc., and its Subsidiaries (collectively referred to as "Sunoco").  The underlying dispute arises from Sunoco's overpayment of income tax for certain years.  The IRS either refunded the overpayments to Sunoco or applied the overpayments as credits to other tax years and/or to other of Sunoco's liabilities for other types of taxes before Sunoco contested  a notice of deficiency the IRS issued for those years.  Sunoco claimed that the IRS did not pay it enough overpayment interest on those overpayments.  The Tax Court ruled that it had subject matter jurisdiction over Sunoco's claim.   In its appeal, the IRS argues that the Tax Court lacked subject matter jurisdiction over Sunoco's claim.  We agree and will therefore vacate the Tax Court's ruling.


## I.  FACTS AND PROCEDURAL HISTORY

Sunoco, Inc., formerly Sun Company, Inc., headquartered in Philadelphia, Pennsylvania, is the parent of a group of companies engaged primarily in the manufacturing and marketing of petroleum products, logistics businesses, and cokemaking operations, in the United States and elsewhere. For many years, Sunoco has filed a consolidated Federal tax return that includes several hundred of its subsidiaries.

As is typical of most large public companies, Sunoco is continually audited by the IRS.  The audits generally result in various adjustments  to Sunoco's tax liabilities for a

2

particular year, as items are identified by the IRS and by Sunoco's in-house tax personnel. Those adjustments are both "up" (meaning additional taxes are owed) and "down" (meaning that Sunoco overpaid a given tax for a given period). Many of these adjustments are resolved administratively within the IRS, either at the audit level or the IRS appeals office level.

The audits and appeals typically take years to complete. Any applicable period of limitation is usually extended by the parties' execution of IRS Form 872-A, entitled "Special Consent to Extend the Time to Assess Tax." In return, Form 872-A extends the time in which the taxpayer may file a claim for credit or refund for a given tax year.

On July 1, 1997, after the completion of one such audit cycle and an IRS administrative appeals process, the IRS issued a notice of deficiency to Sunoco for the tax years 1979, 1981, and 1983. The IRS claimed deficiencies of income tax in the amounts of $10,563,157.00, $5,163,449.00, and $35,916,359.00 respectively, for a total amount of $51,642.965.00.

Sunoco responded to the notice of deficiency by filing a timely petition in the Tax Court in which it contested the IRS's determination of deficiencies for 1979, 1981, and 1983. It also asserted that it had made income tax overpayments for those years totaling $46,100,857.00. Sunoco sought a refund of the overpayment together with interest.

Thereafter, in November of 1997, Sunoco amended its petition to add, *inter alia*, allegations relating to certain errors that Sunoco claimed the IRS had made in computing underpayment and overpayment interest. Sunoco alleged that for each of the disputed years, the interest the IRS had charged on "underpayments" pursuant to I.R.C. § 6601 was too high, and the interest the IRS had paid to Sunoco on "overpayments" pursuant to I.R.C. § 6611 was too low.[1]

---

[1] The Tax Court summarized the situation before it as follows:

3

The Tax Court held a trial on the merits with respect to certain substantive issues not related to the amount of interest owed.[2] The Tax Court subsequently issued two opinions on the disputed substantive issues.[3]

[Sunoco's] overpayment claims include overpayments consisting in part of interest [the IRS] computed on the interim underpayment balances reflected in [Sunoco's] account, so-called underpayment interest. [Sunoco] contends that the amounts of underpayment interest . . . computed are too high. [Sunoco's] overpayment claims also include overpayments consisting in part of interest computed on the interim overpayment balances reflected in [Sunoco's] account, so-called overpayment interest. [Sunoco] contends that the amounts of overpayment interest respondent computed are too low.

*Sunoco, Inc. and Subsidiaries v. Comm'r of the IRS*, 122 T.C. 88, 91 (2004).

As the IRS explained in the memorandum it filed in the Tax Court in support of its motion to dismiss Sunoco's amended petition:

> The Internal Revenue Code separately provides, in section 6601 and 6611, for the payment of underpayment interest on amounts payable by taxpayers to the government that are not paid when due and for the payment of overpayment interest by the government when taxes that have been overpaid by the taxpayer are refunded or credited.

[2] The Tax Court severed Sunoco's overpayment claims relating to the interest on overpayments from the trial.

[3] *Sunoco, Inc. v. Comm'r of the IRS*, 118 T.C. 181 (2002); *Sunoco, Inc. v. Comm'r of the IRS*, T.C. Memo. 2004-29.

4

In May of 1999, Sunoco and the IRS entered into various stipulations that disposed of most of the competing claims. The remaining disputes included the claim that the amount of interest paid to Sunoco on its overpayment of various taxes was insufficient. That was the claim that Sunoco had added by amending the petition it had filed in the Tax Court in response to the notice of tax deficiency.[4]

In March of 2000, the IRS moved to dismiss Sunoco's amended petition to the extent that it asked the Tax Court to order the IRS to pay additional overpayment interest under I.R.C. § 6611, 26 U.S.C. § 6611. The IRS contended that Sunoco's "claims for overpayment interest for the taxable years 1979, 1981, and 1983" must be "dismissed for lack of jurisdiction [because] the Tax Court does not have jurisdiction to determine the amount of interest due on overpayments allowed prior to the commencement of the case." Most of the overpayments underlying Sunoco's claims for interest were interim overpayments that the IRS credited against a tax liability of Sunoco for a different tax year and/or a different tax, pursuant to I.R.C. § 6402(a), 26 U.S.C. § 6402(a), before the notice of deficiency issued.[5] The IRS had refunded the remaining overpayments to Sunoco before the notice of deficiency issued. In its motion to dismiss, the IRS

---

[4] The other two unresolved issues, the determination of interest expense for purposes of computing Sunoco's foreign tax credit limitation and the deductibility of certain expenses at a strip mine, were decided in favor of the IRS on March 15, 2002 (in 87 T.C.M. (CCH) 111), and February 4, 2004 (in 118 T.C. 111), respectively. Those rulings are unrelated to this appeal.

[5] 26 U.S.C. § 6402, captioned "Authority to Make Credits or Refunds," provides, in relevant part, as follows: "General Rule. – In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, *including any interest allowed thereon*, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d), and (e), refund any balance to such person." 26 U.S.C. § 6402(a) (emphasis added).

challenged the Tax Court's jurisdiction to adjudicate Sunoco's claim for interest on Sunoco's overpayment of taxes. The IRS contended that Sunoco's appropriate remedy for seeking overpayment interest with respect to the amounts that had previously been refunded or credited is a timely-filed suit in a federal district court or the Court of Federal Claims.[6]

The Tax Court denied the IRS's motion to dismiss in an opinion dated February 4, 2004. It held that it had jurisdiction to determine interest with respect to overpayments where the overpayments and interest on overpayments had been refunded to the taxpayer or otherwise credited to the taxpayer's account before the case arrived in the Tax Court. *Sunoco, Inc. and Subsidiaries v. Comm'r of the IRS*, 122 T.C. 88 (2004). The court's decision was based on its interpretation of 26 U.S.C. § 6512(b)(1) and (3) as well its earlier decision in *Estate of Baumgardner v. Comm'r of Internal Revenue*, 85 T.C. 445 (1985).

After the Tax Court denied a motion to reconsider, the IRS and Sunoco filed a second stipulation of settled issues limited to the interest calculation issue. Sunoco and the IRS expressed their intention to "agree to the underlying facts and the computation of interest, if the [Tax] Court's determination as to jurisdiction is either not appealed or is sustained on appeal, while preserving for potential appeal the legal issue of the Court's jurisdiction over [Sunoco's] claim to additional overpayment interest."

Concurrently with the second stipulation of settled issues, the parties filed a stipulation as to the underlying tax liabilities for each of the disputed years, showing an overpayment of $14,587,489 for 1979, a deficiency of $287,345 to be assessed and paid for 1981, and a deficiency of $24,138,971 to be assessed for 1983, of which $20,104,500 remains to be paid. The Tax Court entered a decision accordingly on February 12, 2009.

---

[6] Sunoco did file protective suits in the Court of Federal Claims, but voluntarily dismissed them with prejudice in January of 2009. *Sunoco, Inc. and Subsidiaries v. United States*, Fed. Cl. Nos. 99-909 & 00-478 (consolidated).

The IRS then filed this appeal challenging the Tax Court's jurisdiction over Sunoco's claim to additional interest on Sunoco's tax overpayments.

## II. STANDARD OF REVIEW

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). Our review of the Tax Court's construction of the Internal Revenue Code is plenary. *Nat'l Starch & Chem. Corp. v. Comm'r of the IRS*, 918 F.2d 426, 428 (3d Cir. 1990). We therefore exercise *de novo* review over the Tax Court's determination of its subject matter jurisdiction. *Stepnowski v. Comm'r of the* IRS, 456 F.3d 320, 322 (3d Cir. 2006).

## III. DISCUSSION.

As noted earlier, when Sunoco filed its amended petition for redetermination of deficiencies for 1979, 1981, and 1983, Sunoco claimed, *inter alia*, additional interest on overpayments that the IRS had previously refunded to Sunoco and/or credited to other of Sunoco's tax liabilities, before the notice of deficiency issued. As we have also noted, the Tax Court determined that it could exercise jurisdiction over Sunoco's claim based on its reading of 26 U.S.C. § 6512(b)(1) and (3), and its earlier holding in *Estate of Baumgardner v. Comm'r of the IRS. See* 122 T.C. at 96-101.[7]

On appeal here, the IRS contends that the Tax Court erred as a matter of law in its reading of the controlling statutes and in relying on the analysis in *Baumgardner.* We agree, and we will address each of the IRS's main arguments

---

[7] *See* 122 T.C. at 100-01 ("We believe that [the IRS's] view of what constitutes an overpayment for purposes of section 6512(b) is too narrow and does not square with our opinion in *Estate of Baumgardner v. Comm'r*, *supra*. Contrary to [the IRS's] position, we believe that, under certain circumstances, additional overpayment interest that is allowable under section 6611(a) with respect to an interim overpayment is similar to the underpayment involved in *Estate of Baumgardner* and can constitute an overpayment for purposes of section 6512(b).")

7

separately.[8]

## 1. THE TAX COURT ERRED IN HOLDING THAT IT HAD JURISDICTION OVER SUNOCO'S CLAIMS FOR ADDITIONAL OVERPAYMENT INTEREST, BECAUSE SUCH INTEREST IS NOT AN OVERPAYMENT OF TAX.

At the outset, it is important to understand the difference between the two types of interest claims that Sunoco asserted in its amended petition. Sunoco's first claim was that it had paid too much "deficiency interest." Deficiency interest is interest charged to a taxpayer pursuant to I.R.C. § 6601, on tax underpayments the taxpayer has made (or should have made) for a given period.[9] The IRS, like banks or any other creditor, charges interest on money it is owed over time. Thus, when a taxpayer underpays taxes for a certain tax period, the IRS charges interest on the amount of the deficiency. Concomitantly, the IRS pays a taxpayer interest on any amount of taxes that a taxpayer pays that exceeds the actual tax liability for a given year. This second type of interest is known as "overpayment interest," and it underlies the jurisdictional dispute here.

The issue before us arises from Sunoco's claim that its tax payments exceeded the amount of taxes it owed for the years in question. Sunoco therefore asked the Tax Court to award it the amount of interest it was purportedly owed on the amount of its overpayment of taxes ("overpayment interest") pursuant to I.R.C. § 6611.[10]

---

[8] Because we conclude that the statutes conferring jurisdiction on the Tax Court do not extend to interest on Sunoco's overpayments, we need not address all of the arguments the IRS makes on appeal.

[9] Deficiency interest is "interest on the amount of tax which is said to be unpaid." *Alexander Proudfoot Co. v. United States*, 454 F.2d 1379, 1381 (Ct. Cl. 1972)

[10] Making matters more complicated, Sunoco claims that the

8

The IRS acknowledges that the Tax Court had jurisdiction over the first type of claim under the Tax Court's limited overpayment jurisdiction set forth in I.R.C. § 6512(b). However, the IRS contends that the Tax Court does not have jurisdiction over the second type of claim, *i.e.,* Sunoco's claim that the government did not pay it enough interest on Sunoco's overpayments of tax. The IRS notes that Sunoco made interim tax payments for 1979, 1981, and 1983, before the IRS determined that there were deficiencies for those years. At various times before Sunoco commenced the Tax Court proceedings, the IRS refunded overpayments to Sunoco or applied the overpayments as credits to other tax years and/or Sunoco's tax liabilities for other types of taxes.

Section 6611(a) of the Internal Revenue Code provides that "[i]nterest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the overpayment rate established under section 6621." 26 U.S.C. § 6611(a). The IRS contends that overpayment interest is not itself an overpayment of tax because the taxpayer has paid nothing to the IRS. Rather, the taxpayer is owed money by the government.

Therefore, according to the IRS, a claim for overpayment interest is a general monetary claim against the United States, which (like all such claims) must be brought in the federal district courts or the Court of Federal Claims within the six-year limitations period set forth in 28 U.S.C. §§ 2401 (district court)[11] and 2501 (Court of Federal Claims).[12]

---

Government owes interest on insufficient refunds as well as inadequate tax credits that were either paid or credited against other tax liabilities, and that any overpayment interest that was paid to Sunoco or any tax credits were less than Sunoco was entitled to based on the size of its overpayments; and that the Government therefore owes additional interest on those tax overpayments or insufficient credits. However, the distinction is not relevant to our analysis. We will therefore simplify things and use the term "overpayment interest" to refer to all of Sunoco's claims for interest from the Government as asserted in the amended petition Sunoco filed in the Tax Court.

[11] Section 2401 provides, in relevant part, as follows: "Except

9

Thus, the IRS contends that the Tax Court wrongly held that insufficient overpayment interest should be characterized as an "overpayment" subject to its jurisdiction, in the same way that overpaid deficiency interest is treated as an overpayment within its jurisdiction. The IRS submits that the Tax Court improperly expanded its jurisdiction over disputes involving deficiency interest by equating interest a taxpayer owes the Government that has accrued on a tax deficiency with interest the Government owes a taxpayer on the amount of tax payments that exceed the taxpayer's actual tax obligation. We agree.

## 2. THE TAX COURT'S JURISDICTION TO DETERMINE OVERPAYMENTS AND OVERPAYMENT INTEREST IS NARROWLY CIRCUMSCRIBED BY THE INTERNAL REVENUE CODE.

The Tax Court is a court of limited jurisdiction possessing only such jurisdiction as is expressly conferred by Congress. *See* I.R.C. § 7442 ("The Tax Court and its divisions shall have such jurisdiction as is conferred on them by this title, by chapters 1, 2, 3, and 4 of the Internal Revenue Code of 1939, by title II and title III of the Revenue Act of 1926 (44 Stat. 10-87), or by laws enacted subsequent to February 26, 1926."). *See also Estate of Smith v. Comm'r of the IRS*, 638 F.2d 665, 669 (3d Cir. 1981) ("The Tax Court . . . is purely a creature of statute and has only the power given it by Congress.").

Congress changed the status of the Tax Court from an administrative forum to an Article I court in the Tax Reform

---

as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a).

[12] Section 2501 provides, in relevant part, as follows: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501.

Act of 1969. However, nothing in the text of that Act suggests that Congress intended to broaden the Tax Court's jurisdiction or otherwise "decrease[] the dissimilarities between the Tax Court and the district courts." *Cont'l Equities, Inc. v. Comm'r of the IRS*, 551 F.2d 74, 84 (5th Cir. 1977) (explaining that nothing in the Tax Reform Act of 1969 "indicate[s] that Congress intended to obliterate other dissimilarities that it did not explicitly address."). Accordingly, "the conclusion that the 1969 Tax Reform Act did not grant the Tax Court equitable jurisdiction is inescapable." *Id.* Indeed, the Tax Court itself has noted that its "basic jurisdiction . . . was not changed by the Tax Reform Act." *Burns, Stix Friedman & Co. v. Comm'r of the IRS*, 57 T.C. 392, 396 (1971).

The Tax Court's principal basis for jurisdiction is I.R.C. § 6213(a), 26 U.S.C. § 6213(a). That section of the Tax Code gives the Tax Court jurisdiction to redetermine a "deficiency" in income, estate, gift, and certain excise taxes as to which the IRS has issued a notice of deficiency pursuant to I.R.C. § 6212(a), 26 U.S.C. § 6212(a), and the taxpayer has filed a timely petition for redetermination. Pursuant to I.R.C. § 6214(a), the Tax Court has such jurisdiction "even if the amount so redetermined is greater than the amount of the deficiency" as set forth in the notice of deficiency, and its jurisdiction extends to "any additional amount, or any addition to the tax," asserted by the IRS at or before trial.

However, jurisdiction concerning overpayments (e.g., tax refunds) generally lies with the federal district courts and the Court of Federal Claims. *See* 28 U.S.C. § 1346(a)(1);[13]

---

[13] Which provides: "The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue law." 28 U.S.C. § 1346(a)(1). We do not think it irrelevant that Congress chose not to make the jurisdiction of the various district courts concurrent with that of the Tax Court in

11

28 U.S.C. § 1491(a)(1);[14] *Baumgardner*, 85 T.C. at 452. Nevertheless, Congress did confer "overpayment jurisdiction" on the Tax Court, "[u]nder limited circumstances." *Baumgardner*, 85 T.C. at 452. The first such circumstance arises under I.R.C. § 6512(b)(1), which provides, in relevant part, as follows:

> [I]f the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year . . . in respect of which the Secretary determined the deficiency, or finds that there is a deficiency but the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.[15]

26 U.S.C. § 6512(b)(1). *See Baumgardner*, 85 T.C. at 452 ("The Tax Court's overpayment jurisdiction is limited to situations where a deficiency has been determined and the taxpayer petitions the Court for a taxable period."). When the Tax Court is given overpayment jurisdiction, its jurisdiction is

---

allowing for such claims.

[14] Which provides, in relevant part, as follows: "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases sounding in tort." 28 U.S.C. § 1491(a)(1).

[15] This grant of jurisdiction in §6512(b)(1) is subject to the limitations periods prescribed by subsection (b)(3).

12

exclusive. I.R.C. § 6512(a)(1), 26 U.S.C. § 6512(a)(1) (where taxpayer has filed a petition in the Tax Court for a redetermination of a deficiency, "no credit or refund of income tax for the same taxable year . . . shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except," as is relevant here, "[a]s to overpayments determined by a decision of the Tax Court which has become final.").

The second circumstance where the Tax Court acquires overpayment jurisdiction is set forth in I.R.C. § 6512(b)(2), 26 U.S.C. § 6512(b)(2). However, that provision merely gives the Tax Court jurisdiction to enforce its decisions. Thus, § 6512(b)(2) provides: "[i]f, after 120 days after a decision of the Tax Court has become final, the Secretary has failed to refund the overpayment determined by the Tax Court, together with the interest thereon . . . , then the Tax Court, upon motion by the taxpayer, shall have jurisdiction to order the refund of such overpayment and interest." 26 U.S.C. § 6512(b)(2).

Although the Internal Revenue Code does not define the term "overpayment," the Supreme Court has "read the word 'overpayment' in its usual sense, as meaning any payment in excess of that which is properly due." *Jones v. Liberty Glass Co.*, 332 U.S. 524, 531 (1957). *See also United States v. Dalm*, 494 U.S. 596, 609 n.6 (1990) ("The commonsense interpretation is that a tax is overpaid when a taxpayer pays more than is owed, for whatever reason or no reason at all.").

The Tax Court's jurisdiction over overpayments is very constrained with respect to credits under I.R.C. § 6402, 26 U.S.C. § 6402.[16] Section 6402(a) provides that "[i]n the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such

---

[16] As noted earlier, "[m]ost of the overpayments underlying Sunoco's claims for overpayment interest were interim overpayments that the IRS credited against a tax liability of Sunoco for a different tax year and/or a different tax, pursuant to I.R.C. § 6402(a), 26 U.S.C. § 6402(a), before the notice of deficiency was issued."

13

overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d), and (e), refund any balance to such person." 26 U.S.C. § 6402(a). The IRS has broad discretion in determining whether to credit an overpayment for one tax liability toward a different liability of the taxpayer, *see, e.g., Estate of Bender v. Comm'r of the IRS*, 827 F.2d 884, 887 (3d Cir. 1987), and the IRS's discretion cannot be challenged in the Tax Court. I.R.C. § 6512(b)(4) provides that "[t]he Tax Court shall have no jurisdiction under this subsection to restrain or review any credit or refund made by the Secretary under section 6402." 26 U.S.C. § 6512(b)(4).

Except in limited circumstances, the Tax Court also lacks jurisdiction over issues relating to interest, whether on underpayments or overpayments. *See Comm'r of the IRS v. McCoy*, 484 U.S. 3, 5-6 (1987); *Zfass v. Comm'r of the IRS*, 118 F.3d 184, 191 (4th Cir. 1997) (citing "several appellate court cases which recognize that the Tax Court does not have jurisdiction regarding interest determinations."); *Melin v. Comm'r of the IRS*, 54 F.3d 432, 434 (7th Cir. 1995) ("The Tax Court . . . does not have jurisdiction over challenges to interest determinations in most circumstances."); *Bax v. Comm'r of the IRS*, 13 F.3d 54, 56 (2d Cir. 1993); *Med-James, Inc. v. Comm'r of the IRS*, 121 T.C. 147, 152 (2003); *White v. Comm'r of the IRS*, 95 T.C. 209, 213 (1990).

The interest imposed on underpayments by I.R.C. § 6601(a) is generally excluded from the definition of a "deficiency" which the Tax Court has jurisdiction over, *see White*, 95 T.C. at 213, but it is otherwise treated as a tax pursuant to I.R.C. § 6601(e)(1) ("Any reference in this title (except subchapter B of chapter 63, relating to deficiency procedures) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section.").

However, if the Tax Court properly obtains jurisdiction over a deficiency for a given year and then finds that the taxpayer has overpaid its taxes for that year, the Tax Court may determine an overpayment of interest paid on the deficiency, if the interest accrued and was paid before the overpayment arose. *Estate of Baumgardner, supra. See*

14

*Smith v. Comm'r*, 429 F.3d 533, 538-39 (5th Cir. 2005) ("In [*Baumgardner*], the Tax Court held that, at least when interest has been assessed [against] and paid [by the taxpayer], it has jurisdiction to determine an overpayment of interest as part of its jurisdiction to determine an overpayment of tax on which the interest was paid."); *Heffley v. Comm'r of the IRS*, 884 F.2d 279, 287 (7th Cir. 1989) (in *Baumgardner*, "[t]he Tax Court held that when it had jurisdiction to determine the overpayment of the tax, it also had jurisdiction to determine the overpayment of interest that the taxpayer paid with the tax."). The Tax Court's jurisdiction in such cases is based on the delinquency owed by the taxpayer, but may then extend to any claim that the taxpayer was charged too much interest on the delinquency. The Tax Court's ability to determine if the Government charged too much interest is tangential to that grant of jurisdiction arising from the tax deficiency. However, nothing in the relevant statutes or cases allows us to infer that Congress also intended to give the Tax Court jurisdiction over a taxpayer's claim against the Government for interest owed to the taxpayer arising solely from the taxpayer's overpayment of taxes. Indeed, that result would be contrary to the concurrent grant of jurisdiction that Congress limited to the Court of Federal Claims and the district courts without mention of the Tax Court. *See* 28 U.S.C. § 1491(a)(1);[17] 28 U.S.C. § 1346(a)(1).[18]

The IRS properly concedes that the Tax Court has jurisdiction to determine overpayments of deficiency interest paid by Sunoco pursuant to I.R.C. § 6601. However, the dispute between Sunoco and the IRS concerns interest which Sunoco claims the government owes it (pursuant to I.R.C. § 6611) on overpayments of tax that had already been refunded or credited before the notice of deficiency was issued. Sunoco claims that since it was charged too much interest on various tax obligations, the Tax Court could award it the amount of interest that the Government charged that was in excess of the amount which Sunoco actually owed on those tax obligations. However, claims for such overpayment

---

[17] *See* n.14, *supra.*

[18] *See* n.13, *supra.*

15

interest are not subject to the Internal Revenue Code's requirements (in I.R.C. §§ 6511 ("Limitations on credit or refund") and 7422 ("Civil actions for refund")) for claiming a tax refund or a refund of deficiency interest. Moreover, we can find no provisions in the Internal Revenue Code which specifically address actions to recover such overpayment interest. *See Alexander Proudfoot Co. v. United States*, 454 F.2d 1379, 1384 (Ct. Cl. 1972); *Barnes v. United States*, 137 F. Supp. 716, 718 (Ct. Cl. 1956).

However, it is clear that such actions constitute claims against the United States, *viz.*, I.R.C. § 6611, and such claims must be brought by filing a complaint in the appropriate district court or the Court of Federal Claims within six years of the accrual of the cause of action. *See* 28 U.S.C. §§ 1346(a)(2)[19] & 2401[20] (district courts); and 28 U.S.C. §§ 1491(a)(1)[21] & 2501[22] (Court of Federal Claims).

The Tax Court has been given jurisdiction over overpayment interest in two very narrow circumstances, both involving a final decision of the that court. The first, already noted, concerns the enforcement of a decision. It is set forth in I.R.C. § 6512(b)(2) which provides that "[i]f, after 120 days after a decision of the Tax Court has become final, the

---

[19] Which provides, in relevant part, as follows: "The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1346(a)(2).

[20] *See* n.11, *supra.*

[21] *See* n.14, *supra.*

[22] *See* n.12, *supra.*

16

Secretary has failed to refund the overpayment determined by the Tax Court, together with the interest thereon . . . , then the *Tax Court*, upon motion by the taxpayer, *shall have jurisdiction to order* the refund of such overpayment and *interest*." 26 U.S.C. § 6512(b)(2) (emphasis added).

The second circumstance in which the Tax Court has jurisdiction over overpayment interest is found in I.R.C. § 7481(c). That section provides in relevant part as follows:

> [I]f, within 1 year after the date of the decision of the Tax Court becomes final . . . in a case to which [I.R.C. § 7481(c)] applies, the taxpayer files a motion in the Tax Court for a redetermination of the amount of interest involved, then the Tax Court may reopen the case solely to determine whether the taxpayer had made an overpayment of such interest or the Secretary has made an underpayment of such interest and the amount thereof.

26 U.S.C. § 7481(c)(1). *See ASA Investerings P'ship v. Comm'r of the IRS*, 118 T.C. 423, 425 n.3 (2002) (I.R.C. § 7481(c) "specifically carves out an exception to the rule on the finality of our decisions; a prerequisite for invoking that exception is a final decision of this Court."). Thus, "[i]f the Tax Court determines . . . that the taxpayer has made an overpayment of interest or that the Secretary has made an underpayment of interest, then that determination shall be treated under section 6512(b)(1) as a determination of an overpayment of tax." 26 U.S.C. § 7481(c)(3). This provision merely requires that an amount determined by the Tax Court as owing to the taxpayer "be credited or refunded to the taxpayer" in accordance with I.R.C. § 6512(b)(1), and it brings that amount within the Tax Court's "jurisdiction to enforce" under I.R.C. § 6512(b)(2).

I.R.C. § 7481(c) is therefore quite limited in scope and only reaches situations where: (1) the Secretary has made an assessment that includes interest, (2) "the taxpayer has paid

17

the entire amount of the deficiency plus interest claimed by the Secretary," and (3) "the Tax Court finds under section 6512(b) that the taxpayer has made an overpayment." I.R.C. § 7481(c)(2), 26 U.S.C. §7481 (c)(2). *See Bax*, 13 F.3d at 57 ("The language [of § 7481(c)] is plain and clear: the tax court may make a redetermination of interest in cases where the taxpayer prepays *both* the entire amount of the deficiency and the *interest* claimed by the government on the deficiency.") (emphasis in original). "Congress did not expressly grant blanket federal jurisdiction over interest issues [to the Tax Court] through section 7481(c)." *Melin*, 54 F.3d at 434.

Accordingly, neither I.R.C. §§ 6512(b)(2) nor 7481(c) supplies a basis for the Tax Court's exercise of jurisdiction over Sunoco's claims for additional overpayment interest. Those sections only address post-judgment proceedings and the Tax Court's jurisdiction to redetermine interest arising from its decision.

The overpayment interest at issue here is not attributable to any decision of the Tax Court. Indeed, no decision had been entered when Sunoco raised its interest claims. Rather, the interest at issue here arises from overpayments that were refunded or credited before this case began. We can find no statutory authorization for the Tax Court to determine this kind of claim, and we are not convinced by Sunoco's attempts to identify one.

Sunoco contends that the language in I.R.C. § 6512(b)(1), that the Tax Court shall have jurisdiction "to determine the amount of such overpayment," should be stretched to include the amount of interest on an overpayment for the taxable year that is before the Tax Court. Sunoco argues that the omission of "interest" does not mean that overpayment interest cannot be determined by the Tax Court. However, Sunoco offers no authority for its contention and we have found none. This argument is merely an *ipse dixit*.

In any event, I.R.C. § 6512(b)(1) does not provide jurisdiction for claims of overpayment interest of the type asserted by Sunoco here. That section provides, in relevant part, as follows:

**(b) Overpayment determined by**

18

>**Tax Court. –**
>
>**(1) Jurisdiction to determine. --** [I]f the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year . . . in respect of which the Secretary determined the deficiency, or finds that there is a deficiency but the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.

26 U.S.C. § 6512(b)(1). In *Estate of Baumgardner v. Comm'r of the IRS*, 85 T.C. 445 (1985), the Tax Court held that an "overpayment of income tax," under § 6512(b)(1) also includes an overpayment of interest that the taxpayer paid on the tax pursuant to I.R.C. § 6601.

Here, the Tax Court relied on *Baumgardner* in holding that "[t]o the extent that overpayment interest under section 6611 is not credited, we believe that it can be considered to have been overpaid by the taxpayer for purposes of section 6512(b)." 122 T.C. at 102. However, as the IRS correctly notes, an overpayment of tax by the taxpayer is not equivalent to interest that the Government owes the taxpayer. As the Court of Appeals for the Federal Circuit has explained, "the term 'overpayment' as used in the Internal Revenue Code, generally does not incorporate the interest earned on the amount by which the taxpayer has overpaid its taxes." *Gen. Elec. Co. v. United States*, 384 F.3d 1307, 1312 (Fed. Cir. 2004). In concluding the contrary, the Tax Court failed to understand that Sunoco's claims for additional interest under I.R.C. § 6611 simply cannot be viewed as an "overpayment" when that term is "read . . . in its

19

usual sense." *Liberty Glass*, 332 U.S. at 531.

In *Liberty Glass*, the Supreme Court "read the word 'overpayment' in its usual sense, as meaning any payment in excess of that which is properly due." *Id.* That is not the same as Sunoco's claim against the Government for interest it claims the Government owes on Sunoco's excess tax payments. The essence of Sunoco's claim is that it received less interest than it was due on certain refunds and credits. However, "the payment of more than is rightfully due is what characterizes an overpayment." *Id.* Interest owed by the government to a taxpayer cannot be an overpayment of tax paid by the taxpayer to the government.

The Tax Court reasoned that when the Government does not pay the proper amount of interest it owes on a tax overpayment, the taxpayer "will have overpaid [its] liability by the amount of allowable interest that is not credited." 122 T.C. at 101. By way of explanation, the Tax Court posed the following hypothetical:

> For example, assume that, pursuant to section 6402(a), the Commissioner credits an overpayment of $1,000 against a liability of the same taxpayer for a different taxable year, but fails to include interest of $20 computed under section 6611 that is allowable on the overpayment. Under these facts, the taxpayer would have used $1,020 to satisfy a liability of $1,000. In effect, the taxpayer would have overpaid the liability against which the overpayment is credited by $20.

122 T.C. at 101-02.

However, as the IRS correctly explains, the amount "used" by the taxpayer is irrelevant because there is no possible way that the Tax Court's hypothetical taxpayer can use the $20 that it does not have in order to satisfy a liability. The fact that the taxpayer may have a claim for $20 of

20

interest does not convert a $1,000 credit into a $1,020 credit. The credit is what it is. *See* Appellants' Br. at 39-40. Thus, the Tax Court's hypothetical does not illustrate how Sunoco's claim for interest the Government may owe it can be morphed into an overpayment of taxes or interest on an underpayment of a tax obligation conferring jurisdiction under I.R.C. § 6512(b)(1).

Moreover, the Tax Court's reasoning is undermined by I.R.C. §§ 6512(b)(2) and 7481(c). As noted, those sections authorize the Tax Court to enforce its decisions by ordering a refund of an "overpayment and interest" if the Government fails to pay (I.R.C. § 6512(b)(2)), and by redetermining the amount of interest paid by the IRS if the taxpayer claims that it is too low (I.R.C. § 7481(c)). The IRS points out that if overpayment interest determinations were included in the Tax Court's overpayment jurisdiction under I.R.C. § 6512(b)(1), both §§ 6512(b)(2) and 7481(c) would be unnecessary because the Tax Court would already be authorized to determine the amount of interest due along with an overpayment. *See Smith v. Comm'r of the IRS*, 123 T.C. 15, 51 (2004) ("if Congress had intended our overpayment decisions under section 6512(b) were to include final interest determinations, there would be no need to include section 7481(c)(2)(B)" (Goeke J., dissenting) (cited with approval on appeal to the Fifth Circuit in holding that the Tax Court lacked jurisdiction to refund the full amount of an overpayment, *see* 429 F.3d 533, 538 (5th Cir. 2006)).

Perhaps because there is no statutory authority in the Internal Revenue Code giving the Tax Court jurisdiction over a taxpayer's claim that the Government did not pay it enough overpayment interest, pursuant to I.R.C. § 6611, Sunoco submits that the availability of I.R.C. § 7481(c) post-judgment relief confirms the Tax Court's power to review overpayment interest determinations.

Section 7481(c), captioned "Jurisdiction over interest determinations," provides:

(1) In general. – Notwithstanding subsection (a), if within 1 year after the date of the decision of the Tax Court becomes final

21

under subsection (a) in a case to which this subsection applies, the taxpayer files a motion in the Tax Court for a redetermination of the amount of interest involved, then the Tax Court may reopen the case solely to determine whether the taxpayer has made an overpayment of such interest or the Secretary has made an underpayment of such interest and the amount thereof.

(2) Cases to which this subsection applies. – This subsection shall apply where –

(A)(i) an assessment has been made by the Secretary under section 6215 which includes interest imposed by this title, and

(ii) the taxpayer has paid the entire amount of the deficiency plus interest claimed by the Secretary, and

(B) the Tax Court finds under section 6512(b) that the taxpayer has made an overpayment

26 U.S.C. § 7481(c)(1), (2). Sunoco notes that Congress amended I.R.C. § 7481(c) in the Taxpayer Relief Act of 1977 and added § 7481(c)(2)(B). Sunoco claims that the amendment gives the Tax Court the authority to entertain its claims for overpayment interest claims.

However, section 7481(c) does not apply here because Sunoco's additional overpayment interest claims do not arise

22

from an overpayment that was determined in a final decision of the Tax Court. Moreover, Sunoco wants additional overpayment interest on overpayments previously refunded or credited to it before its case even began, not interest on an overpayment determined by the Tax Court in this case. Section 7481(c) requires both a Tax Court decision and a post-decision motion for relief. Neither requirement is met here. [23]

### 3. *Estate of Baumgardner* provides no support for the Tax Court's holding.

As noted, the Tax Court based its decision that it had jurisdiction over Sunoco's overpayment claims partly on the holding in *Estate of Baumgardner v. Comm'r of the IRS*, 85 T.C. 445 (1985). In *Baumgardner*, the decedent's estate and the IRS settled the issues raised in a notice of deficiency after the estate's personal representative had petitioned the Tax Court to redetermine the deficiency. The estate and the IRS agreed that the estate had overpaid its estate tax and that it was entitled to interest.

The issue before the Tax Court was whether the term "overpayment" in § 6512(b) included amounts that were paid as interest, pursuant to an installment payment plan under I.R.C. § 6166A. 85 T. C. at 446. (The Tax Court framed the issue before it as "whether an overpayment of estate tax, within the meaning of section 6512(b), may include the overpayment of amounts originally paid as tax and interest by means of section 6166A installment payments[.]"). The IRS

_____

[23] Sunoco also relies on *Fortugno v. Comm'r of the IRS*, 353 F.2d 429 (3d Cir. 1965). There, we affirmed the jurisdiction of the Tax Court to determine whether an overpayment existed, when the only consequence of that finding was an award of overpayment interest. However, the issue in that case was whether an overpayment existed at all, a matter that is clearly within the jurisdictional grant of I.R.C. § 6512(b)(1). There is nothing in our opinion to suggest that the Tax Court could take the additional step of determining the type of additional overpayment interest claim asserted by Sunoco here.

contended that the Tax Court had no jurisdiction to determine issues concerning interest and that the personal representative had to institute a separate refund action in the district court or Claims Court (now Court of Federal Claims).[24]

The Tax Court there held that the term "overpayment" as used in § 6512(b) includes interest and, therefore, held that it had "jurisdiction to consider interest as part of an overpayment." 85 T. C. at 458-59. Significantly, however, the Tax Court in *Baumgardner* made it abundantly clear that it was referring to interest that had accrued on a tax delinquency that had been paid to the Government. The Tax Court held: "Interest may be part of an overpayment if the interest accrued and was paid prior to the time the overpayment was claimed or arose. *This is the type of interest we are considering in this case*." *Id*. at 452. (emphasis added) *See also id*. at 460 ("Our holding [is] that the term 'overpayment' includes assessed and paid interest at the time of overpayment.").

As we have explained, the ordinary meaning of "overpayment," does not extend to Sunoco's claim here. *Baumgardner* concerned a greater amount of interest that was paid by the taxpayer on a tax deficiency than was actually due. The claim there thus involved a claim for deficiency interest. As we have explained, Sunoco's claim is not about overpayment of deficiency interest; Sunoco's claim is about interest to be "allowed and paid" to the taxpayer "upon any overpayment in respect of any internal revenue tax." I.R.C. § 6611.

Thus, rather than following the holding in *Baumgardner,* the Tax Court actually extended the reasoning in that case to a very different situation. The error of the Tax Court's approach is clearly illustrated in *Alexander Proudfoot Co. v. United States*, 454 F.2d 1379 (Ct. Cl. 1972). There, the Court of Claims explained:

> [t]he Code's design for [deficiency]

---

[24] The IRS acknowledged, however, that as things stood at that time, the action could be barred by the expiration of the statute of limitations on filing a claim for a refund. 85 T.C. at 448, 452-53.

interest is to assimilate it to the tax itself, so that the taxpayer who pays both . . . can and should proceed to seek to recover both together through one proceeding. For a long time, *deficiency interest has been so closely braided to principal that it has been deemed an integral part of the tax.*

454 F.2d at 1382 (emphasis added). However, "Congress has distinguished markedly between a refund of that kind paid by a taxpayer and statutory interest payable by the Government on an overpayment." *Id*. at 1385. The Court further explained:

[T]he Revenue Code deals quite differently with statutory interest payable by the Government on overpayments. Regulated by §§ 6611-12, that form of interest is paid by the United States, not as a refund of interest previously paid by the taxpayer on demand of the Service, but simply because the Government has had the use of money found to belong to the taxpayer. Typical is interest on an overpayment. . . . Unlike deficiency interest paid by the taxpayer, Congress did not provide that statutory interest to be paid by the United States is to be fully assimilated in treatment to the principal amount of a tax. Nor does the Code extend the refund claim mechanism of § 6511 to such interest, or tie a special limitations period to the filing of such a claim. The result is that the ordinary six-year limitations statute controls . . . and no claim need be filed within the

25

time limits of § 6511.[25]

*Id*. at 1384 (citations omitted).

This distinction between deficiency interest and overpayment interest has been recognized as critical in other cases where the taxpayer has attempted to obtain additional overpayment interest, *see Gen. Elec. Co. v. United States*, 384 F.3d 1307, 1312 (citing cases), and in those involving governmental attempts to recover excessive overpayment interest.  In *Pacific Gas & Elec. v. United States*, 417 F.3d 1375 (Fed. Cir. 2005), the Court of Appeals for the Federal Circuit explained that a "tax deficiency, tax penalty, and deficiency interest . . . are all components of a taxpayer's liability.  Therefore, these components are taken into account in determining whether an overpayment exists. . . .  There is no suggestion, however, that statutory [overpayment] interest is a part of, or even related to, a taxpayer's tax liability."  *Id*. at 1382-83 (citations omitted).

The Court of Appeals for the Sixth Circuit has reached the same conclusion.  In *E.W. Scripps Co. v. United States*, 420 F.3d 589, 595 (6th Cir. 2005), that court noted that I.R.C. § 6601(e)(1)  "specifically provides for the treatment of deficiency interest, in most contexts, as part of the underpaid tax," while "§ 6611, which pertains to statutory interest on overpayment of tax, does not contain a similar provision, which arguably implies that interest on an overpayment of taxes should not be treated as part of the overpaid tax itself."

Finally, in *Chase Manhattan Bank, N.A. v. Gov't of the*

---

[25] Which provides: "Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid."  26 U.S.C. § 6511(a).

26

*Virgin Islands*, 173 F. Supp. 2d 386 (D.V.I. 2001), *rev'd on other grounds*, 300 F.3d 320 (3d Cir. 2002), the district court opined:

> This absence of similar language [in I.R.C. § 6611] makes perfect sense because overpayments can bear no tax liability, whereas additions, underpayments, and penalties, are taxes by definition. Since there is nothing taxable about overpayments, they impose no substantive tax liability and sections 6611 and 6621 of the federal income tax law are merely administrative provisions to aid the government in calculating the amount of interest it owes to the overpaying taxpayer.

173 F. Supp.2d at 391.

Because overpayment interest, i.e., interest owed to the taxpayer by the government, is not "a part of, or even related to, a taxpayer's tax liability" and is not "assimilated in treatment to the principal amount of a tax," the Tax Court here erred in holding that "under certain circumstances, additional overpayment interest under section 6611(a) with respect to an interim overpayment is similar to the underpayment interest involved in *Estate of Baumgardner* and can constitute an overpayment for purposes of section 6512(b)." 122 T. C. at 101.

## IV. CONCLUSION

For all of the above reasons, we hold that the Tax Court lacked subject matter jurisdiction over the claims raised in Sunoco's Amended Petition, and we will therefore vacate the order of the Tax Court.

27